Charles Lambiase, J.
These are two applications: (1) By-respondents to determine “ why the subpoena dated November 27, 1967, issued from Lloyd Hurst, Commissioner of Human Bights, directed to Elmer Walter should not be quashed, vacated and set aside ” (First above set forth); and (2) by petitioner “ for an order pursuant to CPLB § 2308(b) directing the respondent to comply with a subpoena ad testificandum and a subpoena duces tecum both duly issued by Lloyd L. Hurst, as an Investigating Commissioner of the State Commission for Human Rights on November 27, 1967, and both duly served on the respondent on November 28, 1967, and directing the respondent to pay the petitioner the following sums:
“ 1. Fifty dollars as costs permitted by C.P.L.B. § 2308(b).
“ 2. Fifty dollars as penalty provided by C.P.L.B. § 2308(b).
“ 3. Damages sustained by petitioner by reason of respondent’s failure to comply in an amount to be fixed by the Court, including, but not limited to, the expenses born by the petitioner in sending a member of its legal staff from New York City to Rochester to argue this motion and a reasonable attorney’s fee, as permitted by C.P.L.B. § 2308(b);
‘1 And for such other and further relief as to this Court may seem just and proper. ’ ’
The subpoenas involved were issued in connection with the investigation of a complaint by a Canadian citizen residing in the State of New York. . He is a member of the Canadian local of the respondent union, and holds a traveling card from his local union permitting him to work in areas under the jurisdiction of other locals, which traveling card such other locals are required to honor. The burden of the complaint is that respondent, as business agent of the local in Rochester, New York, is discriminating against him by refusing to refer him to employers because he is of French Canadian national origin.
Involved herein is article 15 (§§ 290-300) of the Executive Law known as the Law Against Discrimination, and it is enforced through the State Commission for Human Rights. The procedure followed is as follows:
When a complaint is filed by an aggrieved person, it is assigned to one of the nine Commissioners to act as Investigating Commissioner. He must investigate the facts and then make a determination whether there is probable cause to support the charge of discrimination. If he finds probable cause and is unable to effect a conciliation, he must refer the matter for formal hearing before three Hearing Commissioners, who *100 are appointed by the Chairman of the commission and none of whom may have been the Investigating Commissioner. If the latter body sustains the charge, it may issue a cease and desist order. Such an order is not self-executing. It may be enforced only by further order of the State Supreme Court, and it is subject to judicial review by said court.
Commissioner Lloyd L. Hurst was duly designated by the Chairman to act as Investigating Commissioner in the complaint at hand, and the latter thereupon entered upon the performance of his duties. A field representative of the commission, having been unable to make contact with respondent, and to see the records involved herein after efforts to accomplish the same, Commissioner Hurst issued and caused to be served the aforementioned subpoenas, viz., one directed to Elmer Walter, business agent of Local 13, requiring him to attend before Commissioner Hurst at a time and place therein designated in connection with the within complaint made under section 296 of the law; and the other being a subpoena duces tecum to bring with him and produce for examination at said time and place the records, papers and documents and other evidence relating to said complaint.
Thereafter respondent, by an order to show cause brought on the motion to quash the said subpoenas (application first above set forth), and petitioner initiated its motion (application second above set forth).
Respondent maintains that (1) Commissioner Hurst had no power to issue the afore-mentioned subpoenas at the time he did; and that (2) it would violate respondent’s privilege against self incrimination to compel him to comply with the subpoenas. On the other hand, the commission submits that these arguments of respondent are without merit and are untenable. We consider respondent’s contentions in the order set out above.
As to contention numbered (1): Subdivision 7 of section 295 of the Executive Law provides in pertinent part that the commission shall have the following powers and duties: “7. To hold hearings, subpoena witnesses * * * and in connection therewith, to require the production for examination of any books or papers relating to any matter under investigation or in question before the commission. The commission may make rules as to the issuance of subpoenas by individual commissioners.” The commission has given the individual Commissioners the power to issue subpoenas and subpoenas duces tecum. Official Compilation of Codes, Rules and Regulations (9 NYCRR 465.11) provides in pertinent part: “ The commission or any member thereof shall issue subpoenas and subpoenas duces *101 tecum, either at its or his own instance, or, upon written application, at the instance of any party who appears without attorney, whenever necessary to compel the attendance of witnesses or to require the production for examination of any hooks, payrolls, personnel records, correspondence, documents, papers or any other evidence relating to any matter under investigation or in question before the commission or any member thereof.” (Emphasis supplied.) (See, also, Matter of Broido, 40 Misc 2d 419.)
As to contention numbered (2): In his affidavit filed and served in connection with the motion first above set forth, respondent, Elmer Walter, as business agent of said union, deposes in pertinent part as follows: ■
“ That he makes this affidavit for the purpose of quashing a subpoena issued by one Lloyd Hurst, Commissioner of Human Rights, compelling the attendance of your deponent at an investigation, the purpose of which said investigation is to develope [sic] information whereby your deponent, as Business Manager of Plumbers Union Local 13, may be tried before the said Commission on a charge of a willful violation of Section 296 of the Executive Law, and if you [sic] deponent is found guilty of the said violation, Section 299 of the Executive Law makes said violation a misdemeanor and provides for incarceration and fines.
‘ ‘ That your deponent has been informed by his attorney and the attorney for Local 13, Thomas W. O’Connell, that your deponent can never be compelled to testify in an investigation to incriminate your deponent because this would violate your deponent’s rights under the United States Constitution against self-incrimination, which said rights are set forth in the Fifth Amendment to the United States Constitution.”
The complaint is filed against respondent union and against respondent, Elmer Walter, as business agent of said union. It is not against Elmer Walter as an individual. Individuals “ when acting as representatives of a collective group, cannot be said to be exercising their personal rights and duties nor to be entitled to their purely personal privileges. Rather they assume the rights, duties and privileges of the artificial entity or association of which they are agents or officers and they are bound by its obligations. In their official capacity, therefore, they have no privilege against self-incrimination. And the official records and documents of the organization that are held by them in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them per *102 sonally. Wilson v. United States [221 U. S. 361]; Dreier v. United States, 221 U. S. 394; Baltimore & Ohio B. Co. v. Interstate Commerce Commission, 221 U. S. 612; Wheeler v. United States, 226 U. S. 478; Grant v. United States, 227 U. S. 74; Essgee Co. v. United States [262 U. S. 151]. Such records and papers are not the private records of the individual members or officers of the organization.” (United States v. White, 322 U. S. 694, 699.) “ The constitutional privilege against self-incrimination is essentially a personal one, applying only to natural individuals.” (p. 698). The claim of resultant violation of the privilege against self incrimination which respondent, Elmer Walter, as business agent of said union, claims, is without merit, the complaint being made against respondent union and respondent Elmer Walter as an official of said union.
Section 299 of the Executive Law entitled ‘ ‘ Penal provision ” provides as follows: 11 Any person, employer, labor organization or employment agency, who or which shall wilfully resist, prevent, impede or interfere with the commission or any of its members or representatives in the performance of duty under this article, or shall wilfully violate an order of the commission, shall be guilty of a misdemeanor and be punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both; but procedure for the review of the order shall not be deemed to be such wilful conduct.” It makes it a misdemeanor to ‘ ‘ wilfully resist, prevent, impede or interfere with the commission or any of its members or representatives in the performance of duty under this article, or shall wilfully violate an order of the commission”. It does not provide any criminal sanctions by reason of engaging in the unlawful discriminatory practices which the statute prohibits and which are the alleged basis for the complaint. It has been held that “ it is similar to sections contained in the National and State Labor Relations Acts (U. S. Code, tit. 29, § 162 and Labor Law, § 709) which are not viewed as penal statutes.” (Matter of Marrano Constr. Co. v. State Comm. for Human Rights, 45 Misc 2d 1081, 1089.)
Assuming arguendo and for that purpose only, that a question of personal privilege did exist in this case, Elmer Walter as business agent of said union, has raised the point prematurely for the commission has the authority (Executive Law, § 295, subd. 7, 2d par.), “In any such investigation or hearing, the commission, or individual commissioner, or an officer duly designated by the commission to conduct such investigation or hearing, may confer immunity in accordance with the provisions of section two thousand four hundred forty-seven of the penal *103 law.” (But see Revised Penal Law, eff. Sept. 1, 1967, L. 1965, eh. 1030, Table II, p. 2517 in 1965 Sess. Laws.)
We have concluded, therefore, that the contentions of respondent union and respondent, Elmer Walter, as business agent, are without merit. Respondent’s motion first above set forth is, therefore, in every respect denied.
There remains to be determined the question of whether or not respondent should pay to the commission the costs, penalty and damages prayed for in the commission’s motion second above set forth. Respondent union and respondent business agent have not discussed this phase of the instant matter at all in their papers or in their brief submitted herein.
CPLR 2304 in pertinent part provides: “ A motion to quash, fix conditions or modify a subpoena shall be made promptly in the court in which the subpoena is returnable. If the subpoena is not returnable in a court, request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash, fix conditions or modify may thereafter be made in the supreme court. Reasonable conditions may be imposed upon the granting or denial of a motion to quash or modify.” It has been said that: “ The appropriate remedy for challenging a subpoena is a motion to quash, vacate or to modify it. (Carlisle v. Bennett, 268 N. Y. 212; Matter of Dawn Operators v. Lyon, 283 App. Div. 358.) The power to enforce a subpoena is coextensive with the power to vacate or modify it. (Matter of Zelter v. Nash, 285 App. Div. 1214.) ” (Matter of Delta Discount Corp. v. State Banking Dept., 17 Misc 2d 492, 493.) In fact, CPLR 2308 (subd. [b]) provides in pertinent part that ‘ ‘ the issuer may move in the supreme court to compel compliance ”, demonstrating that either or both of the procedures — to quash or to compel compliance — eventually taken herein, place the final determination in the matter with the court.
CPLR 2308 (subd. [b]) in pertinent part provides: “ (b) Non-judicial. Unless otherwise provided, if a person fails to comply with a subpoena which is not returnable in a court, the issuer may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply.” Individual respondent says in effect that he acted on advice of counsel in the matter. “ The respondent should have known and doubtless knew that it was for the court, and not for his counsel, to decide whether or not the subpoena was properly *104 served or was valid, and that such decision could not be made on the facts as they appeared to him unless they were presented to the court. In taking the advice of counsel, if he was advised as he states * * * he took the responsibility of an adverse
decision by the court, and although he may have intended no willful disregard of the process of the court, yet, the due and prompt administration of justice requires that he should be punished.” (People ex rel. Springs v. Reid, 139 App. Div. 551, 556.)
Under the circumstances herein, created solely by and for which respondent union and individual respondent are entirely responsible, to wit: the disobedience of the subpoenas and refusal to attend, to testify and to produce the books before Commissioner Hurst, we are constrained to and we do impose the following conditions which we deem reasonable, viz., that petitioner, State Commission for Human Rights, have $50 costs together with $50 penalty against respondent, and that it recover the sum of $200 damages from respondent which we find both reasonable and just under the circumstances.
In conclusion respondent is directed (1) to appear and testify before Commissioner Lloyd L. Hurst, at a time to be fixed by the latter in a letter to respondent union and to individual respondent upon at least five days’ notice, or at an adjourned or recessed date thereafter; (2) to produce for the examination of Commissioner Hurst at such time the records listed in the subpoena duces tecum issued by said Commissioner Hurst on November 27,1967; and (3) respondent union and individual respondent, individually and/or jointly, are directed to pay the commission $50 costs, $50 penalty, and the sum of $200 in damages which are imposed upon and assessed against respondent by the court, said damages being found to have been sustained by reason of the failure of respondent to have complied with said subpoenas.