John J. Couzens, J.
Defendant, Andrew Hvizd, by omnibus motion moves as follows:
1. To inspect the minutes of the G-rand Jury and/or dismiss the indictment as based upon insufficient or inadequate evidence;
2. To dismiss the indictment upon the ground that article 15 of the Executive Law and in particular section 299 is unconstitutional upon 14 separate grounds;
3. To dismiss the indictment as insufficient on its face;
4. To grant the defendant the names and addresses of all witnesses known to the District Attorney whether or not the People intend to call said witnesses at the trial;
*655 5. To grant the defendant all statements of all witnesses which are in the possession or control of the police or District Attorney;
6. To grant the defendant the criminal records, of any of the People’s witnesses;
7. To grant defendant:
a. A copy of the order of the Commissioner of the Division of Human Eights described in the indictment;
b. A copy of the complaint made by Gloria Williams to the Human Eights Commission;
c. A copy of all investigative reports, statements of witnesses and other documents prepared and gathered during the investigation by the Human Bights Commission and any other persons in the Executive Department on the complaint of Gloria Williams;
d. A copy of the transcript of any hearing or all hearings held by the Human Eights Commission upon the complaint of Gloria Williams against this defendant; and,
8. To advise the defendant whether or not any ex parte eavesdropping order was procured, whether used or not, and if so procured, directing the District Attorney to turn over copies of all said orders as well as any and all affidavits and/or transcripts utilized in connection therewith.
The omnibus motion is disposed of as follows:
1. Denied
In support of the application to inspect the Grand Jury minutes and/or dismiss the indictment the defendant has alleged no facts indicating that there is reasonable cause to believe that the Grand Jury evidence was not legally sufficient to support the indictment. The CPL provides no mechanism whereby the defendant, prior to trial, may inspect the Grand Jury minutes, and the court finds no facts presented to cause it to read the minutes to determine the sufficiency of the evidence presented to that body. The motion is denied.
2. Denied
On June 19, 1968, the State Division of Human Eights determined at a hearing that there was probable cause to believe that the defendant engaged in unlawful discriminatory practices. An order was issued with respect to the discriminatory conduct of the defendant. The order was appealed to the State Human Eights Appeal Board. In December, 1969, the Division of Human Bights moved in the Supreme Court, Appellate Division, Second Department, for enforcement of the order of the Appeal Board. On the call of the calendar the defendant, Andrew *656 Hvizd did not answer and filed no brief. The Appellate Division granted the petition affirming the Commissioner’s order (34 A D 2d 1110) and directed that the order be enforced.
When an enforcement order is sought in the Appellate Division, that court passes upon the merits of the order and may reverse, modify or sustain such order. (Matter of State Division of Human Rights v. Luppino, 35 A D 2d 107, affd. without opn. 29 N Y 2d 558), Matter of State Division of Human Rights v. Fairway Apts. Corp., N. Y. L. J., May 23, 1972, p. 20, col. 7; Matter of State Division of Human Rights v. Bystricky, 30 N Y 2d 322.)
In Luppino the division argued that in an enforcement proceeding, where no objections were filed to the proposed order and no appeal was taken to the Appeal Board, the court was foreclosed from reviewing the substantiality of the evidence in support of the Commissioner’s finding. The court rejected this argument and looked into the merits because the Appellate Division was asked to perform an affirmative act, that is issue an enforcement order. They would not issue such an order without looking to the merits of the original findings. The Court of Appeals states in Rystricky that its affirmance of Luppino implicitly and necessarily rejected that argument of the division.
In this case the order was sustained and an enforcement order was issued on June 29, 1970. The law against discriminatory behavior is constitutional. (Matter of State Comm. for Human Rights v. Kennelly, 30 A D 2d 310.) The underlying order is a valid order as determined by the Appellate Division when it issued its enforcement order.
The Kennelly case did not pass upon the constitutionality of section 299 of the Executive Law which provides for penal sanctions for noncompliance with the enforcement order. The court has, however, recognized the fact that section 299 does exist and in part guides the court’s decisions. (Matter of State Division of Human Rights v. Employers-Commercial Union Ins. Group, 33 A D 2d 273.) The few times section 299 of the Executive Law has been discussed it has been compared to the National and State Labor Relations Acts (U. S. Code, tit. 29, § 162 and Labor Law, § 709) which are not viewed as not being penal statutes. (Matter of Marrano Constr. Co. v. State Comm. for Human Rights, 45 Misc 2d 1081.) The Supreme Court, Monroe County, has stated with reference to section 299: “It does not provide any criminal sanctions by reason of engaging in the unlawful discriminatory practices which the statute prohibits and which are the alleged basis for the complaint.” (Matter of State *657 Comm. for Human Rights v. United Assn. of Journeymen, 56 Misc 2d 98, 102.)
A strong presumption exists for the constitutional validity of a statute. (People v. Finkelstein, 9 N Y 2d 342.) The defendant’s constitutional rights are not abridged by the procedure established nor the procedure followed in this case. The law establishes a sanction for failure to comply with the instant order. The burden remains upon the People to prove the defendant’s guilt beyond a reasonable doubt. The statute does not shift this burden. The People will be required to establish the order and defendant’s willful noncompliance.
3. Denied
The indictment is sufficient to inform the defendant of the crimes with which he is being charged and to protect him against double jeopardy.
4. Denied
The names and addresses of prospective witnesses are not subject to pretrial discovery. The defendant has also failed to establish the materiality and reasonableness of such a request.
5. Denied
Paragraph (b) of subdivision 3 of section 240.10 of the CPL provides that such statements are exempt property.
6. Denied
The defendant’s rights of effective confrontation and cross-examination are significantly different at trial than they are at a pretrial motion. The defendant fails to show the materiality and reasonableness of this request. The People are under a pre-existing duty to disclose exculpatory evidence and no additional order of the court is necessary.
7. a. Denied
People aver that a copy of this order will be served upon the defendant.
b. Denied
People aver that a copy of the complaint of Gloria Williams is not within the control of the District Attorney.
c. Denied
If any of the requested reports are in the control of the District Attorney they constitute exempt property. (CPL 240.10, subd. 3.)
d. Denied
This information is available elsewhere and is not in the control of the District Attorney.
8. Denied
People aver that there has been no ex parte eavesdropping order.