■ The People of the State of New York, Respondent, v Paul Miller, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 4, 1983, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

After a jury trial, defendant, an inmate at Elmira Correctional Facility, was convicted of promoting prison contraband in the first degree as the result of his possession of a 13-inch metal rod with a sharpened end called a "shank". On appeal, he contends: that the failure to disclose the names and addresses of all potential prosecution witnesses violated his Sixth Amendment right to counsel; that section 205.25 of the Penal Law, promoting prison contraband in the first degree, is unconstitutionally vague; and that the trial court abused its discretion by allowing a chair from the correctional facility to be received into evidence. We find none of the arguments convincing and affirm the judgment.

In a pretrial omnibus motion, defendant moved for discovery of, *inter alia,* "[t]he names and addresses of any eye witnesses to the crime charged" and a list identifying all potential witnesses.

Defendant contends that the failure to comply with this demand impeded counsel's ability to cross-examine the prosecution's witnesses, effectively undermining his constitutional right to counsel and a fair trial. We disagree. There is neither a constitutional nor statutory obligation mandating the pretrial disclosure of the identity of a prosecution witness. In *People v Lynch* (23 NY2d 262), the Court of Appeals noted that discovery of witnesses' names and addresses rested in the trial court's discretion (*id.,* at pp 271-272; see *Matter of Vergari v Kendall,* 76 Misc 2d 848, affd 46 AD2d 679; *People v Bennett,* 75 Misc 2d 1040, 1055-1057). That standard has not been altered by the subsequent enactment of CPL article 240, extending the scope of pretrial disclosure (L 1970, ch 996, amd by L 1979, ch 412, as amd by L 1982, ch 558; see *People v Andre W.,* 44 NY2d 179, 186, n). The emphasis of article 240 is on the disclosure of property (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, p 358). CPL 240.20, which outlines the property that a prosecutor is obligated to disclose, does not refer to the identity of prosecution witnesses, nor may such an item be characterized as "property" within the context of the statute. It follows that article 240 does not entitle a defendant to pretrial disclosure of prospective witnesses as a matter of right (see *People v Vargas,* 118 Misc 2d 477; *Matter of John M.,* 104 Misc 2d 725; *People v Hvizd,* 70 Misc 2d 654; but see *People v Minor,* 118 Misc 2d 351).

This is not to suggest that a trial court is precluded from granting such disclosure. To be entitled to relief, however, a defendant must first demonstrate a material need for such information and the reasonableness of the request (*Matter of John M., supra,* p 728; *Matter of Vergari v Kendall, supra,* p 854; *People v Hvizd, supra,* p 657). Here, defendant presented no special circumstances, but simply asserted disclosure was necessary to prepare for trial (see *United States v Cannone,* 528 F2d 296, 301-302; *United States v Richter,* 488 F2d 170). Nor did he move to compel disclosure under CPL 240.40 (subd 1) or demonstrate any harm resulting from the denial of disclosure. These circumstances prevailing, we perceive no abuse of discretion in the resolution of this matter by the trial court.

We further reject defendant's contention that section 205.25 of the Penal Law is unconstitutionally vague. Section 205.25 provides, in pertinent part, as follows:

"A person is guilty of promoting prison contraband in the first degree when: * * *

"2. Being a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband."

"Contraband" refers to any item an inmate "is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law, § 205.00, subd 3); and "Dangerous contraband" is such "as may endanger the safety or security of a detention facility or any person therein" (Penal Law, § 205.00, subd 4). In the State inmate rule book issued to every prisoner upon incarceration, contraband is classified as including any item that could be used as a weapon or altered for such use. In our view, the statute is sufficiently explicit to inform a reasonable man "of the nature of the offense prohibited and what is required of him" (*People v Byron,* 17 NY2d 64, 67; see *People v New York Trap Rock Corp.,* 57 NY2d 371, 378-379; *People v John,* 76 Misc 2d 582, 587). Very clearly, a reasonable man would understand that a "shank" or metal rod with a sharpened end could be used as a weapon, and would be unauthorized within the confines of a detention facility. While defendant suggests that "almost anything" could constitute contraband under a given set of circumstances, the test as to vagueness is whether the statute provides an adequate warning as applied in a specific situation, even though marginal cases might give rise to some doubt (*People v Cruz,* 48 NY2d 419, 424, app dsmd 446 US 901; *People v Farrar,* 120 Misc 2d 464, 471; see *United States v Parness,* 503 F2d 430, 442, cert den 419 US 1105, 429 US 820). Here, there can be no doubt and defendant has failed to overcome the strong presumption of constitutional validity attendant the statute (see *People v Pagnotta,* 25 NY2d 333, 337).

Finally, the admission of the chair into evidence was not error. The chair included a book rack composed of metal rods similar to the "shank" in question, and was offered for purposes of demonstrating accessibility only. Since the chair was probative as to how defendant may have obtained possession of the shank, the trial court did not abuse its discretion by allowing it into evidence (see *People v Mirenda,* 23 NY2d 439, 453; *People v Warner,* 52 AD2d 684, 685).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.