THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOTLEY, Appellant.

Third Department, July 31, 1986

58

**APPEARANCES OF COUNSEL**

*Scott J. Learned* for appellant.

*James T. Hayden, District Attorney,* for respondent.

**OPINION OF THE COURT**

CASEY, J.

Defendant's principal contention on appeal is that the indictment charging him with promoting prison contraband in the first degree for possessing a sharpened metal rod approximately 9¼ inches in length was jurisdictionally defective since the pertinent regulations of the Commissioner of Correctional Services were not filed with the Secretary of State as required by the State Constitution (NY Const, art IV, § 8) and Executive Law § 102.

Defendant's guilty plea, however, constitutes a waiver of the defect in the indictment asserted by defendant for the first time on appeal. "Although it is true that a jurisdictional defect in an indictment is not waived by a guilty plea and may be raised for the first time on appeal * * * it is equally true that not every defect in an indictment is a jurisdictional defect for these purposes * * * In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" *(People v Iannone,* 45 NY2d 589, 600). The indictment herein alleges that, in violation of Penal Law § 205.25 (2), defendant "being confined in the Elmira Correctional Facility, knowingly and unlawfully possessed dangerous contraband, to wit: a sharpened metal rod measuring approximately nine and one-quarter inches in length". A comparison of the allegations of the indictment with the language of the statute (Penal Law § 205.25 [2]) reveals that the indictment alleges every material element of the crime. The thrust of defendant's claim on appeal is that the indictment is deficient because the sharpened metal rod was not "dangerous contraband" within the meaning of Penal Law § 205.25 (2). On its face, however, the indictment properly charges the commission of a crime *(see, People v Miller,* 106 AD2d 787; *People v Craft,* 101 AD2d 984). Only by reference to extrinsic facts pertaining to the filing of recently promulgated rules and regulations does defendant seek to establish that the sharpened metal rod did not constitute dangerous contraband. Such a claim merely attacks the factual sufficiency of the allegations of the indictment and,

therefore, it was waived by defendant's guilty plea *(see, People v Iannone, supra,* pp 600-601).

Were the merits of defendant's claim reachable, we would find no infirmity in the allegations of the indictment. The statutory definition of contraband does not require exclusive reference to a duly filed rule or regulation. Contraband is defined as "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]). Assuming that the failure to file the relevant rules at issue herein precludes their consideration as rules or regulations within the meaning of Penal Law § 205.00 (3), the term "order" should be construed as including unfiled rules and the "Standards of Inmate Behavior" contained in the booklet given to defendant *(see,* Penal Law § 5.00). As we said in *People v Miller (supra,* p 789), "[v]ery clearly, a reasonable man would understand that a 'shank' or metal rod with a sharpened end could be used as a weapon, and would be unauthorized within the confines of a detention facility".

Since defendant's remaining arguments are also lacking in merit, the judgment of conviction should be affirmed.

WEISS, J. (dissenting). I respectfully dissent. Defendant principally maintains that the indictment was jurisdictionally defective since the pertinent regulations of the Commissioner of Correctional Services prohibiting the possession of contraband in a correctional facility were not filed with the Secretary of State as required by NY Constitution, article IV, § 8 and Executive Law § 102. In my view, defendant did not waive this objection upon entry of a guilty plea *(see, People v Lee,* 58 NY2d 491; *People v Iannone,* 45 NY2d 589, 600-601; *People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). Contrary to the majority's position, defendant's claim does not constitute a challenge to the "factual sufficiency of the allegations of the indictment". Defendant in no way controverts the fact that he actually possessed the metal shank, and such a contention would concededly be foreclosed by the guilty plea *(see, People v Lee, supra,* p 494). The absence of properly filed rules and regulations may not, however, be characterized as an "extrinsic fact", for the filing of these rules is part and parcel of the statutory proscription against contraband. The symmetry is clear: by statute, contraband is definable through the Commissioner's regulations; absent a proper filing of these regulations, the indictment cannot "effectively charge the defendant

with the commission of a particular crime" *(People v Iannone, supra,* p 600). In other words, one cannot allege as a material element of a crime something that has not been defined. Accordingly, since the challenge is to the very jurisdiction of the indictment, and not simply to its factual sufficiency, it has not been waived.

In *Matter of Jones v Smith* (64 NY2d 1003), the Court of Appeals recently determined that the Commissioner's failure to formally file regulations pertaining to disciplinary hearings for prisoners offended the "notice" component of due process and vitiated the disciplinary proceedings conducted under the temporary rules. Defendant contends that the same analysis pertains here and I agree. While the *Jones* decision related to a disciplinary matter and not to a violation of the Penal Law, a review of the pertinent statutory provisions demonstrates that the proscription against the possession of contraband set forth in the Penal Law directly incorporates the accompanying rules promulgated by the Commissioner. Pursuant to Penal Law § 205.25 (2), it is unlawful for an inmate to possess "dangerous contraband", which refers to contraband capable of endangering the security of a detention facility or the safety of individuals therein (Penal Law § 205.00 [4]). "Contraband" in turn is statutorily defined as any item an inmate "is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]). Pursuant to the "Standards of Inmate Behavior—Behavior Prohibited in All Facilities" promulgated by the Commissioner (7 NYCRR part 270), "contraband" is presently defined as "any article that is not authorized by the superintendent or his designee" (7 NYCRR 270.1 [b] [14] [i]) and inmates are prohibited from making, possessing, selling or exchanging "any item of contraband that may be classified as a weapon by description, use or appearance" (7 NYCRR 270.1 [b] [14] [ii]). While this rule serves to expand the statutory definition of "contraband" as envisioned by the language of Penal Law § 205.00 (3), the Commissioner did not file these regulations with the Secretary of State until April 22, 1985 (7 NYCRR part 270), subsequent to the incident in question. Since it is quite clear that the rules affect an inmate's "liberty" interests and provide "a pattern or course of conduct for the future" *(People v Cull,* 10 NY2d 123, 126), the rules were not effective and the conviction cannot stand *(see, People ex rel. Roides v Smith,* 67 NY2d 899; *Matter of Jones v Smith,* 64 NY2d 1003, *supra).* Moreover, the majority's classification of these standards as an order outside

of the mandate of NY Constitution, article IV, § 8 is unfounded. As both the *Jones* and *Roides* decisions confirm, these standards are rules subject to the constitutional filing requirements. That defendant received the booklet entitled "Standards of Inmate Behavior" and knew that possession of the metal rod was unauthorized does not compel a different result *(see, People v Cull, supra)*. Having so concluded, the judgment should be reversed and the indictment dismissed.

MAHONEY, P. J., MAIN and YESAWICH, JR., JJ., concur with CASEY, J.; WEISS, J., dissents and votes to reverse in an opinion.

Judgment affirmed.