■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BROWN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 7, 1984, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility, was indicted by a Chemung County Grand Jury and charged with the crime of promoting prison contraband in the first degree based upon his alleged possession of a 12-inch sharpened piece of metal with a cloth handle. Defendant subsequently pleaded guilty to attempted promoting prison contraband in the first degree in full satisfaction of the indictment and was sentenced to an indeterminate term of 1½ to 3 years in prison.

Defendant's main argument for reversal, advanced for the first time on appeal, is that the statute under which he was convicted, making a prison inmate's possession of dangerous contraband a criminal offense (Penal Law § 205.25), is unconstitutionally vague. This argument was rejected by this court in *People v Miller* (106 AD2d 787, 789), where it was held, on a virtually identical application of the statute to an inmate's possession of a similar object, that the statutory definition of contraband as any item an inmate is "prohibited from * * * possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]), taken with the State inmate rule book's prohibition against possessing any article that could be used as a weapon, was sufficiently explicit to put an inmate on notice that possession of a sharpened metal rod was a criminal offense. Defendant further argues on the vagueness issue, however, that, at the time of his alleged offense, the inmate rule book had not yet been filed with the Secretary of State and hence was not legally effective under NY Constitution, article IV, § 8. Therefore, defendant claims, vagueness existed because the statute failed to include a legally effective definition of contraband.

As we noted in *Miller,* the rule book is issued to every prisoner upon incarceration, and defendant does not contend that he did not have actual notice of the prohibited conduct.

Moreover, at the time of defendant's offense, statutory and duly filed regulatory provisions in effect prohibited inmate possession of various articles *(see, e.g.,* Correction Law § 502; 7 NYCRR 54.1; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 205.00, pp 434-435), and thus validly made possession thereof a criminal offense under the Penal Law definition of contraband (Penal Law § 205.00 [3]). It follows that the definition of the crime of promoting prison contraband was thus not incomplete, as defendant would suggest, but was valid on its face. At most, defendant's argument, based on the failure to file the rule book comes down to either an objection (1) that the indictment was legally insufficient in alleging that the sharpened piece of metal was contraband, or (2) that the statute was unconstitutionally vague as applied to him, because there was no duly promulgated rule prohibiting possession of the sharpened piece of metal. In *People v Motley* (119 AD2d 57), we held that the first of the foregoing objections was waived or forfeited by a guilty plea. Likewise, his second possible objection, that the statute was unconstitutionally applied to defendant, was forfeited by his guilty plea *(see, People v Levin,* 57 NY2d 1008, 1009).

The only other point raised by defendant on appeal which merits discussion is his claim that he was denied effective assistance of counsel. This is also unavailing. The record conclusively establishes that defendant was actually present at his plea colloquy, and not another Harold Brown who was incarcerated at Elmira Correctional Facility and who had been mistakenly produced at earlier stages of the proceedings. During the plea colloquy, defendant stated that he had discussed the plea bargain with counsel and was aware of the rights he was waiving by pleading guilty. Moreover, counsel obtained an advantageous plea bargain whereby defendant was permitted to plead guilty to attempted promoting prison contraband in the first degree and received the minimum sentence of 1½ to 3 years as opposed to the potential 3½ to 7 years he could have received as a predicate felony offender for promoting prison contraband in the first degree. Thus, defendant received meaningful and effective assistance of counsel. For all the foregoing reasons, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.