■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MILLER, Appellant.—Mahoney, P. J. Appeal, by permission, from an order of the County Court of Chemung County (Danaher, Jr., J.), entered April 26, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of promoting prison contraband in the first degree, without a hearing.

Defendant was convicted following a jury trial of promoting prison contraband in the first degree and we affirmed the conviction (106 AD2d 787). Defendant thereafter moved to vacate the judgment pursuant to CPL 440.10 and County Court denied the motion without a hearing. Permission to appeal was granted by a Justice of this court and, upon review, we affirm.

Defendant first contends that his conviction was improper because the rule book on "Standards for Inmate Behavior" was not filed with the Secretary of State and therefore was ineffective as a "rule, regulation or order" in the definition of contraband contained in Penal Law § 205.00 (3). We consistently have rejected this argument (see, People v Nolasco, 142 AD2d 785; People v Jones, 134 AD2d 701, 703, lv denied 71 NY2d 969). Defendant's reliance on People v Motley (69 NY2d 870, affg 119 AD2d 57), which holds only that the claim advanced by defendant is nonjurisdictional and waived by a guilty plea, is misplaced.

Defendant next argues that his motion should have been granted because he was shackled during his trial so that his conviction was improper. This contention could have been raised on defendant's direct appeal and his failure to do so warranted rejection of this claim (see, CPL 440.10 [2] [c]). Defendant's related claim that his trial counsel was constitutionally ineffective by failing to address his being shackled so as to preserve this issue for direct appellate review is likewise without merit. Failure to raise the propriety of a defendant's shackling in and of itself has been held by us not to constitute ineffective assistance of counsel (see, People v Craft, 123 AD2d 481, 483, lv denied 69 NY2d 745), so defendant's argument in this regard was properly rejected by County Court.

Finally, we reject defendant's suggestion that his motion should have been granted in the interest of justice because there was prejudicial delay in bringing this motion to a conclusion. Our review of the record fails to reveal any prejudicial delay.

Order affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.