■ In the Matter of ALFRED PRICE, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [600 NYS2d 408] —Judgment unanimously vacated, determination confirmed and petition dismissed. Memorandum: Because petitioner's article 78 proceeding raised a substantial evidence question, it should have been transferred to this Court (see, CPLR 7804 [g]; Matter of Benesch v Village of Clayton, 185 AD2d 688, lv denied 81 NY2d 702, rearg denied 81 NY2d 912). We consider the matter as if it had been properly transferred.

Petitioner was found guilty of possessing a shank found underneath his locker. He argues that the determination was not supported by substantial evidence because his locker was in an open area accessible to all of the other inmates in the unit. The Hearing Officer's disbelief of petitioner's denial of the charge cannot constitute affirmative evidence of guilt. The only proof presented was that the shank was found underneath petitioner's locker; whether there was substantial evidence depends on the strength of the inference of possession drawn from that proof. We conclude that the determination was supported by substantial evidence because petitioner had substantial control over the area where the shank was found, despite the fact that his access was not exclusive (see, Matter of Caldwell v Coughlin, 148 AD2d 905; cf., Matter of Sanchez v Coughlin, 132 AD2d 896; Matter of Trudo v LeFevre, 122 AD2d 319). There is no merit to petitioner's contention that the Commissioner, in affirming the Superintendent's hearing, violated his rights by failing first to summarize the evidence. Petitioner failed to exhaust his administrative remedies with respect to the remainder of his arguments (see, Matter of Nelson v Coughlin, 188 AD2d 1071). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Green, J. P., Pine, Lawton, Boomer and Boehm, JJ.