■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST STOKES, Appellant. (Appeal No. 2.) [629 NYS2d 692] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.

■ In the Matter of GUILLERMO ABALLE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [629 NYS2d 148] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul a determination of guilt for possession of contraband made following a Tier III disciplinary hearing. Petitioner argues that the inmate rule concerning contraband is unconstitutionally vague because it imparts no notice that items such as his paperwork concerning membership in the Latin Kings would be deemed contraband. An inmate rule is not unconstitutionally vague if it "inform[s] a reasonable man 'of the nature of the offense prohibited and what is required of him' [citations omitted]" *(People v Miller,* 106 AD2d 787, 789). Petitioner admitted at the hearing that he knew that the paperwork was contraband; thus, a fortiori, he had "adequate warning" of the prohibited conduct *(People v Miller, supra,* at 789).

We reject petitioner's further argument that the determination is not supported by substantial evidence. A correction officer testified at the hearing that he found the contraband on top of petitioner's desk. Although other inmates may have had access to the area where the contraband was found, petitioner had substantial control over the area *(see, Matter of Price v Coughlin,* 195 AD2d 995). We further conclude that, although the hearing was adjourned so that petitioner could meet with a different employee assistant, petitioner was not denied the right to a timely hearing. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.