human leucocyte antigen (HLA) test, indicating a 99.7% probability of paternity, is entitled to great weight *(see, Matter of Stone v Ilardo,* 191 AD2d 965). Issues of credibility are best determined by the trial court *(see, Matter of Niagara County Dept. of Social Servs. [Kimmie W.] v Randy M.,* 206 AD2d 878; *Matter of Harvey-Cook [Margaret W.] v Kevin X.,* 204 AD2d 793, 794), and Family Court credited the testimony of petitioner that respondent was her exclusive sexual partner for the 11 months preceding the birth of the child *(see, Matter of Taiwana Y. v Benjamin Z.,* 204 AD2d 790; *Fitzgerald v Tamola,* 199 AD2d 122). In light of the proof that petitioner had sexual intercourse only with respondent, there was no need for medical testimony explaining the occurrence of regular menstrual periods after the apparent conception date *(see, Matter of Kaplan [Sandra LL.] v Andrew MM.,* 217 AD2d 778; *Matter of Commissioner of Social Servs. of City of N. Y. [Celia D.] v Hector S.,* 216 AD2d 81; *Matter of Taiwana Y. v Benjamin Z., supra).*

The court properly granted petitioner's objection to the order of the Hearing Examiner and awarded additional support based upon the amount of combined parental income exceeding $80,000. The court fully explained the reasons for its departure from the Hearing Examiner's order, based upon its consideration of the factors set forth in Family Court Act § 413 (1) (f), and we find no basis to disturb the award of additional child support *(see,* Family Ct Act § 413 [1] [c] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649, 655). (Appeal from Order of Oneida County Family Court, Morgan, J.—Child Support.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.

■ In the Matter of LUCILLE ANN D., Respondent, v DAVID F. K., Appellant. (Appeal No. 2.) [632 NYS2d 996] —Appeal unanimously dismissed without costs *(see,* Family Ct Act § 1112 [a]; *Matter of Department of Social Servs. [Katherine McL.] v Jay W.,* 105 AD2d 19, 28-29). (Appeal from Order of Oneida County Family Court, Morgan, J.—Paternity.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE CRIMES, Appellant. [632 NYS2d 1015] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Genesee County Court, Morton, J. —Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ In the Matter of ANGEL RODRIGUEZ, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of New York State

Department of Correctional Services, Respondent. [632 NYS2d 1001] —Judgment unanimously affirmed without costs *(see, Matter of Aballe v Coughlin,* 216 AD2d 949). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—CPLR art 78.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

 In the Matter of ANGEL RODRIGUEZ, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [632 NYS2d 347] —Judgment unanimously affirmed without costs. Memorandum: Petitioner appeals from a judgment dismissing his petition in this CPLR article 78 proceeding seeking to annul a determination of guilt for possession of contraband following a Tier II inmate disciplinary hearing. He contends that he was deprived of his due process right to notice that the materials he possessed, paperwork concerning the "Latin Kings" gang, would be deemed contraband. Petitioner failed to file an administrative appeal raising that issue. Therefore, he has failed to exhaust his administrative remedies with respect to that issue and this Court has no discretionary power to reach it *(see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834; *see also, Matter of Guyton v Coughlin* [proceeding No. 1], 214 AD2d 1043). Were that issue properly before us, we would conclude that it lacks merit *(see, Matter of Aballe v Coughlin,* 216 AD2d 949). (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—CPLR art 78.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE TUCKER, Appellant. [632 NYS2d 1001] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. HERZOG, Appellant. [632 NYS2d 41] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65). During the plea colloquy, defendant stated that he was intoxicated at the time of the crime. The court immediately conducted further inquiry of defendant and explained to him that he had a potential defense, i.e., that he lacked the requisite intent to commit the crime. The court advised defendant, that by pleading guilty,