■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. SLOAN, Appellant. [648 NYS2d 387] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.

■ In the Matter of WILLIAM EUBANKS, Petitioner, v SALLY B. JOHNSON, as Superintendent of Orleans Correctional Facility, et al., Respondents. [648 NYS2d 197] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner, an inmate at Orleans Correctional Facility, commenced this CPLR article 78 proceeding seeking to annul a determination, made after a Tier III hearing, that he violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]) by possessing contraband. He contends that the determination is not supported by substantial evidence because respondents failed to show that he had substantial control over the contraband. We disagree. The contraband, a metal rod, was found inside a laundry bag on the top shelf of a rack outside the laundry room of an inmate dorm unit. Although there is no proof that petitioner physically possessed the bag, he was one of three inmates who had access to the bag before it was seized by a correction officer. Further, minutes before the seizure, the officer saw petitioner reach for the bag but, upon observing that the officer was watching him, withdraw his hand and walk away. When the officer seized the bag and felt its contents, petitioner spontaneously said, "It's not mine". Under those circumstances, the evidence is sufficient to warrant a reasonable inference that he possessed the contraband inside the bag (cf., Matter of Torres v Coughlin, 213 AD2d 861; Matter of Price v Coughlin, 195 AD2d 995). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.