■ In the Matter of NATHANIEL JAY, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Cor-

rectional Services, Respondent. [649 NYS2d 831] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit possession of contraband classified as a weapon and possession of an altered item. He challenges this determination on the ground that it was not based upon substantial evidence. Adduced in evidence against petitioner at the disciplinary hearing was the misbehavior report written by a correction officer who, in the course of searching petitioner's cell, had found under petitioner's locker a nine-inch long shank that had been fashioned from a plastic mirror. The report was endorsed by a second correction officer who was present in petitioner's cell at the time the shank was discovered. Our review of the misbehavior report leads to the conclusion that it was sufficiently relevant and probative to constitute on its own merit substantial evidence of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). We have consistently held that contraband found within an area under the control of an inmate gives rise to an inference of possession by the inmate, even when access to the area is not exclusive (*see, Matter of Patterson v Senkowski*, 204 AD2d 831, 832-833). There is nothing in this matter to warrant a departure from this policy (*see, Matter of Price v Coughlin*, 195 AD2d 995).

Mikoll, J. P., Mercure, Casey, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.