■ In the Matter of SCOTT ROBINSON, Petitioner, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, et al., Respondents. [676 NYS2d 378] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior report written by the correction officer who discovered a jagged can lid on top of petitioner's locker and a sharp pair of scissors under the bunk in petitioner's cube constitutes substantial evidence to support the determination that petitioner violated inmate rule 113.10 (7 NYCRR 270.2 [B] [14] [i]). Although petitioner was living in a double bunk cube, his admission to the correction officer that the property under the bunk was his with the exception of two bags provides sufficient evidence that petitioner had "substantial control" over the area

where the pair of scissors was found and supports an inference of knowing possession by petitioner (*Matter of Aballe v Coughlin,* 216 AD2d 949; *see, Matter of Jay v Coombe,* 233 AD2d 661, 662; *Matter of Price v Coughlin,* 195 AD2d 995). That inference may be drawn even if others had access to the area (*see, Matter of Ruger v Goord,* 252 AD2d 989 [decided herewith]). The denial by petitioner that he made the statement to the officer and his denial of any knowledge of the weapons presented an issue of credibility for the Hearing Officer (*see, Matter of Ruger v Goord, supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Tills, J.) Present—Pine, J. P., Hayes, Pigott, Jr., Balio and Fallon, JJ.