◼ In the Matter of DONTIE S. MITCHELL, Petitioner, v BRIAN FISCHER, Respondent. [752 NYS2d 97] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated May 23, 2000, which confirmed a determination of a hearing officer dated May 16, 2000, made after a Tier II disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules, and imposing a penalty.

Adjudged that the determination is confirmed and the petition is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, there was substantial evidence in the record as a whole (*see* CPLR 7803 [4]) to support the determination finding him guilty of violating rule 118.22 (7 NYCRR 270.2 [B] [19] [iv]) and rule 107.10 (7 NYCRR 270.2 [B] [8] [i]).

The petitioner challenges the constitutionality of rule 107.10 (7 NYCRR 270.2 [B] [8] [i]), which mandates that an inmate shall not physically or verbally obstruct or interfere with an employee at any time, on vagueness grounds. However, an inmate rule is not unconstitutionally vague if it informs a reasonable person of the nature of the offense prohibited and what is required of him or her (*see Matter of Aballe v Coughlin,* 216 AD2d 949; *People v Miller,* 106 AD2d 787). The test as to vagueness is whether the statute provides an adequate warning as applied in a specific situation, even though marginal cases might give rise to some doubt (*see People v Miller, supra* at 789). Except in rare circumstances, not present here, a vagueness challenge must be addressed to the facts before the court and a court cannot consider the possibility that a statute may

be vague as applied in other hypothetical situations (*see People v Nelson*, 69 NY2d 302). In this case, the petitioner has resorted to the use of hypothetical facts to support his vagueness challenge. A reasonable man would have to conclude that an inmate's action of throwing a liquid substance on a corrections officer, even if it was only faucet water, would violate rule 107.10 (7 NYCRR 270.2 [B] [8] [i]) since it would likely physically interfere with a corrections officer's duties. This rule informed the petitioner of the nature of the offense which was prohibited and what was required of him.

The petitioner's remaining contentions are without merit. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.