People v Loday (2021 NY Slip Op 51080(U))

[*1]

People v Loday (Karma)

2021 NY Slip Op 51080(U) [73 Misc 3d 137(A)]

Decided on November 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570571/16

The People of the State of New York,
Respondent, 
against
Karma Loday, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Stephen Antignani, J., on motion to dismiss; Robert Straus, J.H.O., at plea and
sentencing), rendered July 26, 2016, convicting him, upon his plea of guilty, of disorderly
conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Stephen Antignani, J., on motion to dismiss; Robert Straus, J.H.O.,
at plea and sentencing), rendered July 26, 2016, affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based on the standard applicable to an information (see People v Hatton, 26 NY3d
364, 368 [2015]). So viewed, the information charging unlicensed general vending
(see Administrative Code of City of NY § 20-453) was jurisdictionally valid
because it contained "nonconclusory factual allegations that, if assumed to be true, address[ed]
each element of the crime charged, thereby affording reasonable cause to believe that defendant
committed that offense" (People v
Middleton, 35 NY3d 952, 954 [2020], quoting People v Matthew P., 26 NY3d 332, 335-336 [2015]). The
information - comprising the misdemeanor complaint and supporting deposition of the arresting
police officer - recited that the officer observed defendant for several minutes standing "across
from 10 Columbus Circle," and "opp. 10 Columbus Circle," "immediately next to a table,"
"display[ing] and offer[ing] for sale 7 Russian dolls"; that defendant was the only person in
immediate proximity to the merchandise and that when approached and asked the price of the
merchandise, defendant responded "forty dollars." Contrary to defendant's claim, these
allegations were nonconclusory and legally sufficient to satisfy the "public space" element of the
offense (Administrative Code § 20-452[d]; see People v Lecler, 62 Misc 3d 141[A], 2019 NY Slip Op
50074[U] [App Term, 1st Dept 2019], lv denied 33 NY3d 978 [2019]).
Inasmuch as defendant pleaded guilty to disorderly conduct, he lacks standing to challenge
the constitutionality of Administrative Code § 20-453 (People v DiRaffaele, 55
NY2d 234, 241 [1982]; People v
Knight, 169 AD3d 493, 494 [2019], lv denied 33 NY3d 978 [2019]).
Even if defendant had standing, his claim that section 20-453 was unconstitutionally applied
to him was forfeited by the guilty plea (see People v Levin, 57 NY2d 1008, 1009 [1982],
rearg denied 58 NY2d 824 [1983]; People v Devers-Scott, 248 AD2d 1024
[1998], lv denied 92 NY2d [*2]850 [1998]; People v
Brown, 123 AD2d 473, 474 [1986]; People v Greenfield, 100 AD2d 752 [1984]),
and, in any event, lacks merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 16, 2021