In the Matter of WALTER A. HOLZ, Respondent, v. CHESTER KOWAL, as Mayor of the City of Buffalo, et al., Constituting the Board of Police and Firemen's Pensions of the City of Buffalo, Appellants.

Fourth Department, January 19, 1967.

*Anthony Manguso, Corporation Counsel* (*John J. Naples* of counsel), for appellants.

*H. Jarvis Turner* for respondent.

GOLDMAN, J. The Board of Police and Firemen's Pensions of Buffalo appeals from a judgment in this article 78 proceeding concerning the pension rights of petitioner, a former patrolman of the Buffalo Police Department for 20 years between 1918 and 1941, who engaged in other employment after his retirement and whose pension was then suspended. The judgment directed the board to reinstate petitioner's pension as of July, 1957.

The appeal is taken on the ground that section 150 of the Civil Service Law is applicable and is not proscribed in its application to the petitioner by section 7 of article V of the State Constitution. Section 150 provides that if any person subsequent to his retirement accepts particular employments therein designated, his retirement pension shall be suspended during such subsequent employment. Section 7 of article V provides that membership in any pension or retirement system after July 1, 1940 " shall be a contractual relationship, the benefits of which shall not be diminished or impaired ". Appellants also argue that the Statute of Limitations (CPLR 217) which provides for a 4-month period of limitation is a defense to the proceedings and that the petitioner is guilty of laches.

Petitioner retired on January 1, 1941 and at the time of his retirement was entitled to an annual pension of $1,245. After his retirement, he was hired as Chief Criminal Deputy in the Erie County Sheriff's office and his pension was suspended in 1941 but was later restored, after legal proceedings, on the ground that employment in the Sheriff's office was not within the purview of section 32 of the Civil Service Law (renumbered § 150 by L. 1958, ch. 790). Petitioner continued to receive his pension until July, 1957, when he informed the board that he had

been appointed a Deputy Clerk of the Board of Supervisors of Erie County. The board then notified petitioner that his pension would be discontinued and it was discontinued in July, 1957 and has been suspended to date because of the continuous employment of the petitioner as Deputy Clerk.

In October, 1960, petitioner made an effort to restore his pension rights and wrote a letter asking the board to reconsider its 1957 suspension. Thereafter informal negotiations were had with the Corporation Counsel's office and petitioner was informed that the board, relying on a savings clause in the Civil Service Law, refused reinstatement of the pension. No notification of a hearing was ever given petitioner, nor is there any record that a hearing was ever demanded or held resulting in such a determination.

On December 12, 1963 petitioner made a formal application for the restoration of his pension rights and on July 31, 1964 the application was formally denied. Special Term informed the parties that it was not satisfied that there had been adequate procedures for review, whereupon the parties entered into a stipulation to supply the deficiencies pointed out by the court. Pursuant to the court's direction that the board receive a new application and act upon it within 30 days, the board notified petitioner that the matter had been reconsidered and again denied. Whereupon, Special Term then made findings of fact and conclusions of law and directed payment of the pension from July 30, 1957. The substance of the court's decision was that petitioner's employment as a Deputy Clerk of the Board of Supervisors could not be a basis for denial of his rights under section 150 because of the constitutional mandate of section 7 of article V, and also that the board failed to prove laches. This conclusion was erroneous.

The statutes and applicable decisional law establish that petitioner is a legislative employee in the unclassified civil service. He is not an elective officer (see *Matter of Phillips,* 139 App. Div. 365, affd. 200 N. Y. 521). Accordingly, he is in the civil service of Erie County and subject to suspension of his pension rights while employed as a Deputy Clerk under section 150 of the Civil Service Law which is not proscribed by section 7 of article V of the State Constitution. Petitioner's pension rights became contractual, pursuant to section 7 of article V on July 1, 1940 (*Birnbaum* v. *New York State Teachers Retirement System,* 5 N Y 2d 1; *Matter of Ayman* v. *Teachers' Retirement Bd. of City of N. Y.,* 9 N Y 2d 119). At that time, section 32 of the Civil Service Law (now § 150) would have prevented petitioner from collecting his pension under the same set of

facts as in this case. The same prohibition against reception of the pension existed prior to July 1, 1940 and subsequent thereto up to the present day. Accordingly, there is no impairment of any contractual right existing on July 1, 1940.

It is not necessary to reach the issue of Statute of Limitations, although in passing it may be well to observe that a demand and refusal is necessary in order to commence the running of the Statute of Limitations. The period would begin to run from the time of demand for performance in this proceeding in the nature of mandamus (CPLR 217). Furthermore, there is no question that the proceeding is timely within the four months so far as the 1963 application is concerned. It is also unnecessary to reach the issue of laches, but, if it were, the passage of six and a half years between suspension of the pension and petitioner's first formal demand in 1963 may well support the claim of laches (*Matter of Curtin* v. *Dorman*, 293 N. Y. 505).

Petitioner is not entitled to receive his pension so long as he remains a Deputy Clerk of the Board of Supervisors of Erie County. The judgment should be reversed and the petition dismissed.

WILLIAMS, P. J., BASTOW, HENRY and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed and petition dismissed, without costs.