242

In the Matter of RAYMOND B. HARDING, Respondent, v JAMES P. MELTON, as Commissioner of Motor Vehicles of the State of New York, et al., Appellants.

Third Department, April 12, 1979

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Joseph J. Micare* and *Shirley Adelson Siegel* of counsel), for James P. Melton, appellant.

*Charles J. Wilcox, District Attorney, pro se (Robert Adams* and *Richard S. Piedmont* of counsel), for Charles J. Wilcox, appellant.

*Herzfeld & Rubin, P.C. (Herbert Rubin* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

Subdivision 4-a of section 510 of the Vehicle and Traffic Law (hereinafter referred to as section 510) provides, in pertinent part, as follows: "Upon receipt of a court notification of the failure of a person to appear within three months of the return date or new subsequent adjourned date, pursuant to an appearance ticket charging said person with a violation of any of the provisions of this chapter (except one for parking, stopping, or standing) of any lawful ordinance or regulation made by a local or public authority, relating to traffic (except one for parking, stopping, or standing) the commissioner or

his agent may suspend the driver's license or privileges of such person pending receipt of notice from the court that such person has appeared in response to such appearance ticket. Such suspension shall take effect no less than thirty days from the day upon which notice thereof is sent by the commissioner to the person whose driver's license or privileges are to be suspended."

In conformity with section 510, the Department of Motor Vehicles issued a notice to the petitioner that his license was being suspended, effective 30 days from the date of the notice, for his failure to answer summonses for traffic violations issued on May 24, 1977 and June 20, 1977. The notice is on a printed form which is designated MV-1160 and it provides in its printed portion that it "will become effective thirty days from the date of the notice, unless we have been notified by the court that you have answered the summons or your record indicates that other action is necessary."

The petitioner has contended that section 510 is unconstitutionally vague; that the form MV-1160 is a rule or statement which must be filed with the Secretary of State (NY Const, art IV, § 8); and that the form MV-1160 is unconstitutionally vague. In addition to the foregoing, the petitioner contends that because a driver's license is recognized as a property right, there is a constitutional right to a presuspension hearing.

■ In the case of *Matter of Horodner v Fisher* (38 NY2d 680, app dsmd 429 US 802), it was held that in proceedings such as the instant one where the attack is on the suspension itself, the appropriate procedure is to convert the matter to declaratory judgment and proceed to meet the constitutional issues. Accordingly, Special Term did not err in so converting the proceeding and determining the issues.

■ There is no support for the conclusion of Special Term that section 510 is vague as to a definite date for suspension or as to proper notice. As quoted hereinabove, section 510 expressly provides that there must be a minimum period of 30 days from the date of the notice of suspension and it is expressly limited to last no longer than the failure of a licensee to appear after such notice is given (see *Kane v City of Brooklyn,* 114 NY 586). Section 510 expressly required notice to the licensee and there is no vagueness in that regard.

The contention that the form MV-1160 is a rule or somehow

unconstitutionally vague is likewise without any support. The statute expressly requires that notice be given to motorists and the form herein is nothing more or less than the transmittal of notice. There is nothing about the MV-1160 which shows it to be a statement implementing or applying law (Executive Law, § 101-a, subd 1, par b). While it recites the statutory basis for the notice, it does not in any way purport to be anything other than the statutory notice. Accordingly, Special Term erred in construing the MV-1160 as not complying with section 510. The language of MV-1160 quoted hereinabove which indicates that the suspension would become effective 30 days after the date of the notice "unless * * * your record indicates that other action is necessary" is not vague and does not undermine the effectiveness of the notice. It is upon its face a reservation of the right of the Department of Motor Vehicles to take whatever action it might be authorized to take upon a review of his record. This is a power which it had regardless of the particular conduct which prompted the issuance of the MV-1160 because of his failure to appear in court.

Finally, the lack of a presuspension hearing is not violative of the petitioner's due process rights. In this case the State's interest is in keeping reckless drivers off the road as was the situation in *Matter of Horodner v Fisher (supra)*. Under such circumstances, the available review pursuant to CPLR article 78 of the order issued is sufficient protection *(Dixon v Love,* 431 US 105; *Matter of Horodner v Fisher, supra)*.

The judgment should be reversed, on the law, with costs, and the judgment directed to be entered in favor of the appellants declaring that subdivision 4-a of section 510 of the Vehicle and Traffic Law is constitutional and that form MV-1160 is not unconstitutional or illegal. Settle order on notice.

MAHONEY, P.J., GREENBLOTT, SWEENEY and STALEY, JR., JJ., concur.

Judgment reversed, on the law, with costs, and judgment directed to be entered in favor of the appellants declaring that subdivision 4-a of section 510 of the Vehicle and Traffic Law is constitutional and that form MV-1160 is not unconstitutional or illegal. Settle order on notice.