■ WALTER J. SOCHA BUILDERS, INC., et al., Respondents, v TOWN OF CLIFTON PARK et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered January 12, 1983 in Saratoga County, which denied defendants' motion to, *inter alia,* dismiss the complaint or a specific portion thereof. The essential facts underlying this dispute are as follows. On October 1, 1977, the building inspector of the Town of Clifton Park issued a building permit to plaintiffs, thereby authorizing the construction of a rooming house on Blue Barns Road in that community. Allegedly, plaintiffs immediately commenced construction. On October 14, 1977, the building inspector advised plaintiffs by mail that the building permit was null and void and that no construction would be permitted. No reason was given for the nullification. Approximately one year later, on or about October 5, 1978, plaintiffs commenced an action against the Town of Clifton Park and the councilmen constituting the town board. Thereafter, defendants moved to dismiss the complaint. Special Term construed the complaint to state (1) a petition for CPLR article 78 relief, (2) a complaint for a declaratory judgment and (3) a complaint for money damages. Special Term dismissed the CPLR article 78 proceeding on the ground that the named respondents did not fail to perform a duty imposed upon them by law, since it is the duty of the building inspector rather than the town board to issue building permits, and upon the further ground that the proceeding was barred by the Statute of Limitations (CPLR 217). Special Term also concluded that the CPLR article 78 proceeding had to be dismissed on the ground that plaintiffs failed to exhaust their administrative remedies. Defendants were ordered to answer the declaratory judgment and money damage actions. No appeal was taken from this order. During the ensuing 22 months, a proliferation of discovery demands were made by defendants resulting in a Supreme Court order limiting defendants' demands and ordering plaintiffs to comply. Finally, on January 30, 1981, 27 months after the commencement of the action, plaintiffs filed a note of issue. Eighteen months later, on September 28, 1982, defendants moved to foreclose plaintiffs from offering proof with respect to matters about which discovery was demanded but not received, and to dismiss the complaint or, alternatively, specific portions thereof. Special Term correctly denied that portion of defendants' motion which sought further discovery and leave to file an amended answer on the ground of inexcusable laches (see *Mallin v Kossin,* 25 AD2d 509; *O'Hara v Tidewater Oil Co.,* 23 AD2d 870). However, Special Term did not address defendants' additional demand for complaint dismissal. On this appeal, plaintiffs argue that Special Term did not deal with that part of defendants' motion because it viewed the earlier nondismissal of the declaratory judgment and money damage actions as the law of the case and binding upon it (see *Martin v City of Cohoes,* 37 NY2d 162). Defendants, however, maintain that the first order did not determine or seek to determine the issues raised on the second motion and, therefore, the doctrine of law of the case is not applicable. Plaintiffs' contention that the earlier Special Term decision decided the merits of the cause of the action under attack is premised on the inference that, since the converted declaratory judgment action was not dismissed, the court construed that action as one contesting the constitutionality of the zoning ordinance on its face, as distinguished from its application to certain

identifiable property, such that administrative remedies provided by statute need not first be exhausted (*Matter of Golden v Planning Bd.*, 30 NY2d 359, 365). Plaintiffs further argue that, by its failure to dismiss two of the actions, Special Term impliedly found that they had merit. Support for such inferences, however, is lacking in the record. The earlier Special Term decision clearly states, "The respondents-defendants have responded pursuant to their belief that the action is solely an Article 78 proceeding and have moved to dismiss pursuant to CPLR § 7804 (f)." Nowhere in the decision did Special Term, by inference or otherwise, apply the doctrine of failure to exhaust administrative remedies to the causes of action for declaratory relief and money damages or make a determination regarding the merits of those causes of action. Therefore, the doctrine of law of the case did not mandate denial of the instant motion to dismiss. Since Special Term's later decision is silent as to the grounds for the denial of so much of the motion as sought to dismiss the complaint, the matter must be remitted for consideration of such portion of the motion. Decision withheld, and matter remitted to Special Term for consideration of that portion of defendants' motion which sought dismissal of the complaint. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.