OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed, with costs.
The New York Constitution, article IV, § 8, provides in pertinent part that: “No rule or regulation made by any state department * * * except such as relates to the organization or internal management of a state department * * * shall be effective until *1005 it is filed in the office of the department of state”. This constitutional mandate is implemented in Executive Law § 102 which requires, inter alia, that a certified copy of such rules or regulations be transmitted to the Secretary of State, and that when a new code, rule or regulation, except as relates solely to the organization or internal management of a department, board, etc., or any amendment thereto is adopted, the original thereof shall be filed in the office of the Department of State.
Effective February 1,1983, Commissioner Thomas B. Coughlin suspended the regulations then existing (7 NYCRR parts 252, 253) pertaining to disciplinary hearings for prisoners and issued Temporary Regulations II, known as the “three tier system”. These superseding regulations were to be temporary only and were not filed with the Secretary of State as provided for in article IV, §8 of the Constitution and Executive Law § 102, the Commissioner contending that they pertain to matters falling within the “organization or internal management” exception to these filing requirements, and thus that the Commissioner had the authority to implement these procedural changes through an administrative order pursuant to Correction Law § 112 and the filed regulations. (See, 7 NYCRR 3.1.)
Disciplinary proceedings against respondents Tyrone Jones, Milton Payne and Nelson Baez, conducted pursuant to these temporary regulations were successfully challenged in article 78 proceedings commenced in Supreme Court, Wyoming County. These determinations of Supreme Court were unanimously affirmed by the Appellate Division, and we now affirm the Appellate Division.
It is settled that “though his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime * * * Prisoners may also claim the protection of the Due Process Clause. They may not be deprived of life, liberty, or property without due process of law” (Wolff v McDonnell, 418 US 539, 555, 556). Rules and regulations of correctional institutions that affect a prisoner’s “liberty” interests, as here, may not properly be said to involve matters of “organization or internal management”, thus exempting them from the filing requirements of the New York State Constitution and the Executive Law. Such rules and regulations affect the entire prison population, that segment of the “general public” over which the Department of Correctional Services exercises direct authority, and constitute a “kind of legislative or quasi-legislative norm or prescription which establishes a pattern or *1006 course of conduct for the future”. (People v Cull, 10 NY2d 123, 126.)
The requirement that the rules and regulations be filed serves to make them available to the public, to give the public notice thereof and provide a “ ‘common’ and ‘definite place’ * * * where the exact content of such rules and regulations, including any changes, might be found * * * a ‘central’ place * * * ‘where * * * anyone may examine in that one place what the law or rule is that * * * affect[s] his particular interest.’ ” (People v Cull, 10 NY2d 123, 128, supra; Matter of New York State Coalition of Public Employers v New York State Dept. of Labor, 60 NY2d 789, 791.) Thus the filing of the rules and regulations serves to fulfill the “notice” component of due process.
Inasmuch as the Temporary Regulations II, known as the “three tier system” had not been filed with the Secretary of State as required at the time the disciplinary proceedings against Jones, Payne and Baez took place, they were not effective and the proceedings were properly ordered expunged from institutional records. Thus, we need not reach the other issues raised regarding the alleged constitutional deficiency of those proceedings.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Orders affirmed, with costs, in a memorandum.