■ In the Matter of EDWIN VALLES, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner appeals from a judgment of Supreme Court which dismissed his CPLR article 78 petition seeking to overturn a prison disciplinary determination. As a result of a fight between petitioner and another inmate, petitioner was charged in a misbehavior report with fighting, attempted assault and disobeying a direct order. Petitioner, a Spanish-speaking inmate who speaks some English, received a Spanish translation of the misbehavior report which failed to include the last of the above charges and omitted the reporting officer's statement of having observed petitioner kick the other inmate in the thigh. Prior to the hearing, petitioner selected from a list of employee assistants one who spoke Spanish. Petitioner also requested a "translator/interpreter". The employee assistant met with petitioner and ascertained that he did not desire to call any witnesses. The employee assistant was not present at the hearing but petitioner was assisted by another inmate who acted as a translator and advocate. Petitioner raised no objection to that procedure. Petitioner pleaded guilty to the fighting and assault charges, did not call any witnesses, declined to testify and offered no questions to be asked of the reporting officer. By pointing out that the charge of refusal to obey an order had not been included in the Spanish translation of the charges, the inmate assistant succeeded in having that charge dismissed. Also, when the inmate assistant pointed out that the Spanish translation failed to state that petitioner had kicked the other inmate, the hearing officer refused to consider any proof of that allegation. Upon the behavior report and the reporting officer's testimony, petitioner was found guilty of the fighting and assault violations and received a penalty of 180 days' confinement to special housing unit, loss of telephone privileges and 90 days' loss of good time.

Petitioner contends that he was entitled to have an employee assistant to translate for him at the hearing. We disagree. 7 NYCRR 254.2 provides that "Non-English speaking inmates who cannot read and understand English must be * * * provided with a translator who shall be the inmate's assistant and shall be present at the hearing." Nothing in that regulation prohibits use of nonemployees as translator/assistants. While "assistant" is elsewhere in the regulations defined as "an employee from an established list of persons who shall assist the inmate," and while the "opportunity" to

choose an assistant from a list of employees is granted to an inmate who is non-English speaking (7 NYCRR 251-4.1), nothing in the regulations guarantees the inmate the right to assistance by an employee at the hearing itself. The regulations contemplate that an inmate's right to assistance by an employee is for prehearing purposes (see, Matter of Rivera v Smith, 110 AD2d 1043, 1044), and expressly state that the assistant, including one appointed to assist a non-English-speaking inmate, "may be required by the hearing officer to be present at the disciplinary or superintendent's hearing" (7 NYCRR 251-4.2; see, 7 NYCRR 251-4.1). Here, there is no claim that petitioner was denied his right to the assistance of a Spanish-speaking employee prior to the hearing (see, Matter of Rivera v Smith, supra), nor is there any claim of ineffective assistance at the hearing itself. On the contrary, the inmate assistant succeeded in obtaining the dismissal of one charge and the exclusion of evidence offered in support of the other charges. In view of petitioner's failure to present any defense, there is no possibility that petitioner was prejudiced by the appointment of an inmate to assist him at the hearing.

We have examined petitioner's other contentions and find that he has failed to preserve them for review and that they are without merit. (Appeal from judgment of Supreme Court, Wyoming County, Newman, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Pine and Schnepp, JJ.