Samuel McNEAR, Plaintiff,

v.

Thomas A. COUGHLIN, Wayne Barkley, and Lewis Kordyl, Defendants.

No. CIV–86–0399T.

United States District Court, W.D. New York.

Sept. 16, 1986.

Samuel McNear, pro se.

Robert Abrams, Atty. Gen., State of N.Y., Rochester, N.Y., for defendants; Charles D. Steinman, Asst. Atty. Gen., of counsel.

## DECISION and ORDER

TELESCA, District Judge.

Samuel McNear, currently incarcerated at the Auburn Correctional Facility, brings this action under 42 U.S.C. § 1983 against Thomas Coughlin, Commissioner of Correc-

tional Services, Superintendent Wayne Barkley of the Groveland Correctional Facility, and Lewis Kordyl, a Corrections Officer at Groveland. Mr. McNear's *pro se* complaint contains the following statement of claim:

> On or about December 11, 1984, I was subjected to an illegally imposed disciplinary report, which immediately resulted in me being subject to prunitive [sic] segregation, thus, and an immediate transfer from a medium security prison to a maximum security prison, said illegal report caused my being reclassified, a unconstitutional transfer, and Superintendent's Hearing due-process denial, as well as deprivation of my hospital job at the medium security prison, 90 days segregation, 90 days loss of good-time, 90 days stripped of each and every other priviledge thereof [sic].

As relief, Mr. McNear requests a declaratory judgment, a preliminary injunction, compensatory, punitive, and nominal damages, as well as expungement of his prison disciplinary record.

Defendants Barkley and Coughlin filed an answer in which they denied knowledge or information of all allegations. Defendant Kordyl answered separately and admitted that Mr. McNear had received a misbehavior report on December 11, 1984, and thereafter a Tier III Disciplinary Hearing was held on December 15, and as the result of which, the plaintiff received ninety days keep-lock and ninety days loss of movies, special events, commissary, and telephone privileges. Mr. Kordyl denied knowledge or information as to all other allegations of the complaint.

On June 25, 1986, the plaintiff filed a motion for summary judgment, in which he argued that he is entitled to judgment as a matter of law because of the alleged illegality of his misbehavior reports and disciplinary proceedings. In July, the defendants submitted the affidavit of their attorney in opposition to Mr. McNear's motion for summary judgment,[1] and one week

---

**1.** In his affidavit, the defendants' attorney makes a factual statement upon information

later, filed their own motion to dismiss or, in the alternative, for summary judgment.

Because Mr. McNear is proceeding *pro se,* his complaint and moving papers must be held to a less stringent standard than similar papers drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) *rehearing denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *Washington v. James,* 782 F.2d 1134 (2d Cir.1986). Although Mr. McNear's complaint designates only one general claim, it appears after reviewing the file that the plaintiff is actually presenting two separate claims to this Court. Mr. McNear is claiming that the disciplinary hearing conducted on December 15, 1984, was illegal in two respects. He initially argues that the proceeding was invalid, and the resulting punishment unconstitutional, because of the New York Court of Appeals' decision in *Jones v. Smith,* 64 N.Y.2d 1003, 489 N.Y.S.2d 50, 478 N.E.2d 191 (1985). In addition, he argues that the hearing was unconstitutional because he was denied the right to call witnesses on his behalf. Because of the distinct nature of these two arguments, I will consider each of these as separate claims, and rule on them separately.

### I. Validity of Hearing in Light of Court of Appeals Decision

In *Jones v. Smith,* 64 N.Y.2d 1003, 489 N.Y.S.2d 50, 478 N.E.2d 191 (1985), the New York Court of Appeals affirmed a lower court's ruling that disciplinary proceedings conducted against three prison inmates were not effective and that the proceedings were properly ordered expunged from prison records. The Court based its decision on Article IV, § 8 of the New York Constitution, which requires certain rules and regulations to be filed in the office of the department of state in order to be effective, and New York Executive Law § 102, which implements that constitutional mandate. *Id.,* at 1004, 1005, 489 N.Y.S.2d 50, 478 N.E.2d 191. In February, 1983, when Commissioner Coughlin issued Temporary Regulations II (known as the "three tier system") pertaining to disciplinary hearings, he failed to file these regulations with the Secretary of State. The Court of Appeals held that this omission nullified the disciplinary proceedings that took place prior to filing, stating:

> The requirement that the rules and regulations be filed serves to make them available to the public, to give the public notice thereof and provide a common and definite place ... where the exact content of such rules and regulations, including any changes, might be found ... a central place ... where ... anyone may examine in that one place what the law or rule is that ... affect[s] his particular interest. Thus the filing of the rules and regulations serves to fulfill the "notice" component of due process. *Id.* at 1006, 489 N.Y.S.2d 50, 478 N.E.2d 191 (citations omitted).

Mr. McNear now argues that his disciplinary hearing was unconstitutional in light of the Court of Appeals' decision in *Jones v. Smith.* However, to be entitled to relief under 42 U.S.C. § 1983, Mr. McNear must show that the defendants' conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S.

---

and belief, supported by two attached exhibits, and a number of legal arguments. The factual statement and the two supporting exhibits, as well as the attached transcript of the hearing in question, cannot be considered by the Court on this motion.

Fed.R.Civ.P. 56(e) states that on a motion for summary judgment, supporting and opposing affidavits must be made on personal knowledge. In *U.S. v. Bosurgi,* 530 F.2d 1105 (1976), the Second Circuit held that on a motion for summary judgment, an attorney's affidavit not based on personal knowledge is an impermissible substitute for the personal knowledge of a party. The moving party must meet its burden by submitting affidavits made on personal knowledge, which set forth admissible evidentiary facts and affirmatively show that the affiant is competent to testify to those facts. *Schiess-Froriep Corp. v. S.S. Finnsailor,* 574 F.2d 123 (2d Cir.1978). Rule 56(e) also provides that the papers attached to an affidavit must be either sworn or certified copies. The exhibits to which I have referred are neither sworn nor certified, and therefore cannot be considered by this Court.

527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). It is precisely on this point that Mr. McNear's argument fails.

■ The Court of Appeals based its decision in *Jones* on the New York State Constitution and New York State law. Even if Mr. McNear's disciplinary hearing was defective under New York State law (a determination which I do not make here), that does not automatically entitle him to judgment in this Court. Under § 1983, Mr. McNear must allege and prove a violation of *federal* law. A state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983. *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986), *citing Davis v. Scherer*, 468 U.S. 183, 192, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984).

■ In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that there are a number of procedural safeguards required by the United States Constitution when an individual's liberty is at stake, even when that individual's liberty is already limited because he is a prisoner. The inmate facing disciplinary charges that could result in punitive segregation is entitled, at a minimum, to advance written notice, at least 24 hours prior to his hearing, of the charges against him. He must be permitted to marshall the facts and prepare his defense. The inmate must be allowed to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Finally, there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. *Id.,* at 563–566, 94 S.Ct. at 2978–2979; *see also Patterson v. Coughlin, supra,* at 890.

■ I find no federal authority requiring prison rules and regulations to first be filed in a Secretary of State's office before they can be said to be "adopted". The thrust of 42 U.S.C. § 1983 is to provide a federal remedy for violations of federal constitutional rights—in this case, rights of prisoners—apart from any considerations of whether the same rights may be established or protected under any state law. Therefore, the defendant's motion to dismiss that portion of the complaint based on the authority of *Jones v. Smith, supra,* is granted.

## II. Inability To Call Witnesses At Hearing

■ Mr. McNear also argues that his disciplinary hearing was constitutionally defective because he was denied the right to call witnesses to testify in his behalf.[2] After reviewing the uncontroverted facts, it appears that there is a genuine question of material fact existing on this point at the present time, and therefore the plaintiff's and the defendants' motions for summary judgment as to this claim are denied.

The incidents which prompted the December 11 misbehavior report occurred at the Groveland Correctional Facility. Sometime between December 11 and December 15, Mr. McNear was transferred from Groveland (a medium security prison) to the Elmira Correctional Facility (a maximum security prison). It was at the Elmira Correctional Facility that the disciplinary hearing in question took place. It is clear from the answer filed on behalf of defendant Kordyl, as well as the July 9 affidavit of defendants' attorney, that the facts just

---

**2.** As noted earlier, Mr. McNear's statement of claim in his complaint is not very specific, but later affidavits and interrogatory responses provide further illumination of his claim. In his affidavit of June 12, 1986, which was filed along with his discovery motion, Mr. McNear states "thus [sic] transfer therein to Elmira Correctional Facility caused the Superintendent's proceeding pursuant to said misbehavior report to be conducted at Elmira Correctional Facility,

hence, therein denying the plaintiff witnesses, and depriving the plaintiff basic due process of law." Although this claim is not clearly set out in Mr. McNear's *pro se* complaint, given the liberal pleading requirements relating to *pro se* complaints, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), as well as the fact that the defendants have responded to this claim, I am considering it to be properly interposed.

recited are uncontroverted. Although the defendants have submitted the affidavits of two corrections officers stating that Mr. McNear declined to exercise his right to call witnesses at his hearing, the defendants' attorney admits that this claim is the subject of a factual dispute. Affidavit of Charles D. Steinman, July 9, 1986, at ¶ 12.

*Wolff* and its progeny make clear that an inmate must be allowed to call witnesses and present documentary evidence in his defense. *Id.* 418 U.S. at 564–566, 94 S.Ct. at 2978–2979; *Patterson v. Coughlin, supra,* at 890. Mr. McNear claims that the transfer from one prison to another prevented him from calling witnesses on his behalf at his hearing. The defendants claim that Mr. McNear was offered the opportunity to call witnesses, and turned down that opportunity. Accordingly, I must deny the plaintiff's and the defendants' motions for summary judgment on this claim.

III. Motion for Protective Order

On June 18, 1986, the plaintiff filed a motion seeking a protective order pursuant to Fed.R.Civ.P. 26(c) regarding some of the items requested by the defendants in their Request for Production of Documents. Discovery motions are generally referred to Magistrate David G. Larimer for disposition, pursuant to § IV(B) of the Guidelines for Practice in this Court. Accordingly, I hereby order the plaintiffs' discovery motion referred to the Magistrate for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).

In light of the above, it is hereby ORDERED that:

1. The plaintiff's motion for a discovery protective order is referred to Magistrate David G. Larimer for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and § IV(B) of my Guidelines for Practice;

2. The defendants' motion to dismiss the plaintiff's claim regarding the filing of disciplinary regulations with the New York Secretary of State pursuant to Rule 12(b)(6) is hereby granted; and

3. The plaintiff's and the defendants' motions for summary judgment based on the constitutional adequacy of the plaintiff's disciplinary hearing based on his ability to call witnesses is denied.

SO ORDERED.