OPINION OF THE COURT
Memorandum.
In each appeal, the order of the Appellate Division should be reversed, the institutional findings of guilt nullified, and the proceedings expunged from petitioners’ records.
In these article 78 proceedings challenging prison disciplinary board determinations that petitioner inmates had violated inmate rules, petitioners contend that the rules were not on file with the Secretary of State at the time they were charged, that the rules were therefore ineffective, and that the findings of guilt based on those rules must be annulled in accordance with People ex rel. Roides v Smith (67 NY2d 899). Respondent acknowledges that the rules were not on file, but claims that there was no need to file them since there was a "parent regulation” on file proscribing the conduct of which petitioners were found guilty (7 NYCRR 250.1). Respondent’s attempt to distinguish Roides, however, is unpersuasive for, as respondent acknowledges, the same regulation was equally applicable in the Roides cases. Moreover, petitioners here were not charged under the filed "parent regulation”; they were charged with having violated the unfiled inmate rules. At the time petitioners were charged, the inmate rules were not effective owing to the lack óf filing (People v Cull, 10 NY2d 123), and the proceedings must therefore be annulled in accordance with People ex rel. Roides v Smith (67 NY2d 899, supra) and Matter of Jones v Smith (64 NY2d 1003).
*679 Whether or not new charges under filed regulations can hereafter be lodged against petitioners for the alleged misconduct is an issue we do not reach on this appeal.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
In each case: Order reversed, without costs, the institutional findings of guilt nullified, and the proceedings expunged from petitioner’s records, in a memorandum.