OPINION OF THE COURT
Charles B. Swartwood, J.
Petitioner brings this special proceeding pursuant to CPLR article 78 for a judgment (1) declaring null and void an October 2, 1985 Superintendent’s hearing (7 NYCRR part 254 [Tier III disciplinary hearing]) on the basis that said hearing *660 was conducted in violation of lawful procedures; (2) restoring to petitioner all privileges and good behavior time allowances lost as a result of the administrative disposition following said hearing; (3) expunging from petitioner’s institutional, departmental and parole records any and all references to said hearing and the underlying charges which were based, assertedly, on alleged violations of invalid rules; and (4) ordering such other and further relief as we find just, proper and equitable.
Respondents seek dismissal of the petition on its merits on the basis of their affirmative defenses and corresponding objections in point of law, namely, that (1) respondents have complied with all lawful procedures and petitioner has failed to state a cause of action (CPLR 3211 [a] [7]); and (2) the relief requested is barred by the doctrines of loches and law of the case (cf., CPLR 3211 [a] [5]). Alternatively, respondents seek permission to charge petitioner on the basis of new misbehavior reports alleging violations of a separate, filed rule and provisions of the Penal Law.
For quite some time, with the consent of counsel, we withheld decision herein pending a final, appellate disposition in People v Motley (119 AD2d 57, Iv granted 68 NY2d 919; People v McDermott, Chemung County Ct, Apr. 10, 1986, Iv granted 68 NY2d 758). The New York Court of Appeals heard argument on February 12, 1987 in those cases, together with another Chemung County Court criminal proceeding raising similar issues (People v Wilder, 122 AD2d 489, Iv granted 68 NY2d 919). In reviewing the recent submissions by counsel for both sides herein, however, and in recognition of the likelihood that even a prompt decision in the above-referenced cases may focus on issues not relevant here (e.g., guilty plea acting as waiver; interrelationship of statutory definitions and administrative rules; see also, People v Brown, 123 AD2d 473; Matter of Collins v Hammock, 52 NY2d 798), we are now inclined to render our decision herein without further delay.
On February 4, 1985 an incident occurred as petitioner was leaving the mess hall at the Elmira Correctional Facility (ECF). Two misbehavior reports concerning that incident charged petitioner with violations of three separate institutional rules prohibiting assault (two counts) (rule 100.10), refusal to obey a direct order (two counts) (rule 106.10), and possession of contraband (one count) (rule 113.10). At that time those rules had not been filed with the Secretary of State in accordance with NY Constitution, article 4, § 8 and Executive Law *661 § 102. Those three rules are presently codified, however, at 7 NYCRR 270.1 (b) (1) (i); (7), (14) (ii), respectively.
Soon after the incident petitioner was confined in the special housing unit (SHU) pending a Tier III disciplinary hearing on February 8, 1985. Following that, the Hearing Officer (HO) found petitioner guilty of all five charges (counts) and imposed a penalty of 365 days of SHU confinement, concomitant loss of privileges and 12 months’ loss of good-time credit. Thereafter, petitioner commenced an article 78 proceeding which came before us on September 10, 1985. By that time petitioner had served seven months of the SHU confinement penalty. The parties to that special proceeding were the same as those involved here. Respondent’s then counsel, another Assistant Attorney-General, agreed that the February 8, 1985 HO had overlooked petitioner’s request for witness testimony and that a subsequent, unauthorized alteration of the HO’s disposition sheet warranted a new hearing. By judgment dated September 19, 1985 (Chemung County index No. 85-1899), we annulled the prior disciplinary proceeding and ordered that a new Superintendent’s hearing be conducted and completed in a timely manner pursuant to 7 NYCRR 251-5.1.
Following the new hearing on September 27 and October 2, 1985, a new HO again found petitioner guilty of all five charges and imposed the same penalties as before. On administrative appeal the HO’s disposition was affirmed by decision dated December 30, 1985. Thereafter, petitioner commenced this special proceeding in the latter part of April 1986. Following an adjournment on consent of counsel, the matter came before us on July 14, 1986. Petitioner’s sole basis for the relief requested herein is that the rules he has been charged with violating were not filed at the time of the underlying incident. (See, People v Cull, 10 NY2d 123; Matter of Jones v Smith, 64 NY2d 1003.) Therefore, his argument goes, the unfiled rules were invalid and ineffective and the disciplinary proceeding at issue here must be annulled. (See, People ex rel. Roides v Smith, 67 NY2d 899; Matter of Davidson v Smith, 69 NY2d 677; see also, Matter of Raheem v Scully, 121 AD2d 636.)
Respondents’ first affirmative defense in the nature of an objection in point of law (CPLR 3211 [a] [7]) has no merit. Petitioner’s previous special proceeding (Chemung County, index No. 85-1899) challenged, inter alla, various procedural improprieties with respect to the conduct of the February 8, 1985 ECF disciplinary hearing. Here, however, petitioner makes no such challenge. Rather, petitioner’s counsel cites *662 ample authority (noted above) for the annulment and ex-pungement relief requested due to the substantive invalidity of the rules petitioner allegedly violated. Thus, it is clear beyond cavil that petitioner states a valid cause of action. (See, Carp v Marcus, 112 AD2d 546; Roland Pietropaoli Trucking v Nationwide Mut. Ins. Co., 100 AD2d 680 [pleadings liberally construed].)
Respondents’ second set of affirmative defenses/objections in point of law, although intended to counterbalance the weight of petitioner’s cited authorities, do not withstand analysis. On the question of loches, that common-law doctrine has been largely superseded by the CPLR’s period of limitations (see, Dailey v Smiley, 65 AD2d 915; Columbus Trust Co. v Campolo, 110 AD2d 616, affd on opn below 66 NY2d 701) and has no applicability to the circumstances present here. While it is true that loches could be a defense in an article 78 proceeding in the nature of mandamus (see, Matter of Holz v Kowal, 27 AD2d 128, 131; People ex rel. Henderson v Casscles, 66 Misc 2d 492, 497), this special proceeding is in the nature of certiorari where a final official act, rather than a demand and refusal, triggers the applicable period of limitation. (See, Austin v Board of Higher Educ., 5 NY2d 430, 442; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.02). There being no dispute that petitioner commenced this proceeding within four months of respondents’ determination following petitioner’s administrative appeal, the proceeding has been timely brought. (CPLR 217.)
Even if it were relevant (and we are not convinced that it is) to consider that petitioner did not include his current unfiled rules argument among the challenges contained in his prior special proceeding, respondents have not shown how they relied on that omission and thereby changed their position to their detriment. (Cf., Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 82.) Whether or not petitioner could have been charged under unspecified Penal Law provisions or 7 NYCRR 250.1 (a) (1) (ii) (inmate failure or refusal to comply with official instructions) as respondents’ counsel suggests, the fact is he has not been so charged. We would add that the possibility of a discretionary criminal prosecution, except for questions as to jurisdiction (see, CPLR 7803 [2]), would not normally be the object of an article 78 proceeding such as we have here. Moreover, it seems that 7 NYCRR 250.1 (a) (1) (ii), on its face, is a general policy statement intended to aid in applying the more specific standards of inmate behavior now *663 properly promulgated in 7 NYCRR part 270. In any event, since respondents’ previous counsel had agreed that a new disciplinary hearing was warranted to cure the prior hearing’s procedural defects, respondents’ current counsel of record has not met his heavy burden (see, 36 NY Jur, Limitations and Laches, § 154, at 141-142) to show that petitioner delayed unreasonably in pressing his rule filing argument before us. (Cf., Matter of Pfingst v Levitt, 44 AD2d 157.)
On the law of the case question, respondents’ reliance is misplaced. That doctrine applies to various stages of the same, not different, litigation (see, Fadden v Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858, affd 27 AD2d 487; Matter of McGrath v Gold, 36 NY2d 406) and does not control where different issues are involved. (See, Socha Bldrs. v Town of Clifton Park, 99 AD2d 890, appeal dismissed 101 AD2d 986.) Here, although the underlying incident and misbehavior reports are the same in each, two separate disciplinary hearings have been challenged on different grounds in two separate article 78 proceedings. Accordingly, we will exercise our discretion under the flexible law of the case doctrine (see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.09, at 50-98) and decline to bar consideration of an argument crucial to the merits of this proceeding. (Cf., Wilson v McCarthy, 53 AD2d 860.)
On its merits, petitioner’s argument must prevail. (See, Matter of Jones v Smith, supra, 64 NY2d 1003; People ex rel. Roides v Smith, supra, 67 NY2d 899; Matter of Davidson v Smith, supra, 69 NY2d 677.) Where, as here, an important constitutional and statutory right is involved, a court must be particularly vigilant in protecting against infringements of that right. This is so even if a petitioner, through ignorance or neglect, has failed altogether to recognize or assert that right on his own behalf. (See, Matter of Hop-Wah v Coughlin, 118 AD2d 275, Iv granted 69 NY2d 601, revd 69 NY2d 791 [decided Feb. 12, 1987 on the basis of the cases cited immediately above despite no mention thereof in or by the courts below]; see also, People ex rel. Roides v Smith, supra, 67 NY2d 899 [rule filing argument first raised before the Court of Appeals].) Certainly, respondents have not even suggested that petitioner made a knowing, intelligent or voluntary waiver of the rights he now asserts before us. (Cf., Matter of Morrison v Coughlin, 101 AD2d 943, Iv denied 63 NY2d 605; Matter of Garcia v LeFevre, 64 NY2d 1001.) Under these circumstances, we fail to understand why respondents and their counsel have not stipulated to the relief requested as other officials have done in similar *664 situations. (See, Matter of Raheem v Scully, supra, 121 AD2d 636.)
Accordingly, for the reasons hereinabove stated and in the exercise of our discretion, inasmuch as most if not all of the SHU confinement imposed has been served, the petition is granted in its entirety. The judgment to be entered herein shall provide the following relief: (1) declare null and void the Superintendent’s hearing challenged herein; (2) order restoration of petitioner’s privileges and good-time credit lost as a result of respondents’ administrative dispositions following said hearing; and (3) order expungement of all references to said hearing, the underlying charges and the previous disciplinary hearing (Feb. 8, 1985) on those charges from petitioner’s institutional, departmental and parole records and files. We make no determination as to whether petitioner actually engaged in misconduct on February 4, 1985, nor do we make any assessment of the appropriateness or timeliness of any potential criminal prosecution arising therefrom. Nonetheless, in the interest of justice and in view of his long confinement to the special housing unit, we do hold that petitioner should not have to answer any further administrative charges in connection with that February 4, 1985 incident.
Submit judgment within 60 days. (See, 22 NYCRR 202.48.) No costs.