**Ivan LaBOY, Plaintiff-Appellant,**

**v.**

**Thomas A. COUGHLIN, et al.,
Defendants-Appellees.**

**No. 1220, Docket 86–2455.**

United States Court of Appeals,
Second Circuit.

Argued June 5, 1987.

Decided June 23, 1987.

**4**

Ivan LaBoy, pro se.

Before FEINBERG, Chief Judge, LUMBARD and NEWMAN, Circuit Judges.

PER CURIAM:

Ivan LaBoy, a prisoner at the Clinton Correctional Facility, appeals from a decision of Michael A. Telesca, J., of the United States District Court for the Western District of New York, dismissing his complaint sua sponte. In his memorandum opinion, the judge relied upon his own recent opinion in another case on the issue raised by LaBoy. See *McNear v. Coughlin*, 643 F.Supp. 566, 568–69 (W.D.N.Y.1986). LaBoy filed his complaint under 42 U.S.C. § 1983 alleging that Thomas Coughlin, Commissioner of Correctional Services, and various correction officers violated his Fourteenth Amendment due process rights when they took disciplinary actions against him in 1984 and 1985 while he was incarcerated at Elmira Correctional Facility.

In his complaint, LaBoy contends that the disciplinary proceedings against him were conducted under regulations that had not been filed with the New York Secretary of State, in violation of New York Executive Law § 102. The New York Court of Appeals recently held that it is unconstitutional to discipline a prisoner pursuant to regulations that had not been filed. See *Jones v. Smith*, 64 N.Y.2d 1003, 489 N.Y. S.2d 50, 478 N.E.2d 191 (1985); see also *New York ex rel. Roides v. Smith*, 67 N.Y.2d 899, 501 N.Y.S.2d 805, 492 N.E.2d 1221 (1986). The court in *Jones* apparently relied on both the federal and the state constitutions, though it did not elaborate on the federal basis for LaBoy's claim. 64 N.Y.2d at 1005, 489 N.Y.S.2d 50, 478 N.E.2d 191. The New York court's ruling on the federal constitutional question is of course not controlling on us.

 In order to state a claim under 42 U.S.C. § 1983, LaBoy must allege a violation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Here, LaBoy's only claim of a federal due process violation is defendants' alleged failure to file the regulations. He does not allege that the disciplinary proceedings were otherwise inadequate. See generally *Hewitt v. Helms*, 459 U.S. 460, 472–78, 103 S.Ct. 864, 871–75, 74 L.Ed.2d 675 (1983); *Wolff v. McDonnell*, 418 U.S. 539, 558–72, 94 S.Ct. 2963, 2975–82, 41 L.Ed.2d 935 (1974). Moreover, LaBoy does not allege that he was not given notice of the regulations. Since New York Correction Law § 138(2) requires distribution of prison rules and regulations to all inmates, we are entitled to assume that the law was followed in the absence of a claim of noncompliance. Under these circumstances, we hold that Laboy has failed to assert a violation of a federal due process right. Defendants' obligation to file the regula-

tions with the New York Secretary of State is a procedural requirement solely of state law. We find no federal authority for holding that such filing is a requirement of federal due process. It therefore was not improper for the district court to dismiss LaBoy's complaint.

Judgment affirmed.