■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISMAEL GNECO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered September 5, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's parole was revoked based upon a finding that he had twice violated rule No. 11 of the conditions of his parole in that on two occasions the results of urine examinations revealed that his urine contained cocaine. Although the petitioner acknowledges that he had notice of the conditions of parole applicable to him as he had been provided with a copy thereof upon his conditional release, he nevertheless maintains that his parole revocation proceeding was a nullity because these conditions of parole which he was charged with having violated had not been filed with the New York Secretary of State at the time of the alleged violations. Executive Law § 102 which provides that no code, rule or regulation shall become effective until it is filed with the New York Secretary of State does not apply to the conditions of parole imposed upon parolees upon their conditional release from custody. While some conditions of parole will apply to all or most parolees, other conditions will be tailored to fit the unique situations of individual parolees. Accordingly, conditions of parole, which are notably not of general applicability, are notably not rules as defined by Executive Law § 101-b (1)

(b), and thus need not be filed with the New York State Secretary of State to be enforceable. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.