■ In the Matter of JAMES WILLIAMS, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. (Appeal No. 1.)—Judgment affirmed *(see, People ex rel. Gneco v New York State Div. of Parole,* 134 AD2d 389). Callahan, J. P., and Lawton, J., concur; Boomer, J., concurs in the following memorandum.

Boomer, J. (concurring). I concur in the decision of the majority to affirm on the authority of *People ex rel. Gneco v New York State Div. of Parole* (134 AD2d 389). In addition, I would affirm for the following reasons.

The issue urged by petitioner was not raised in the petition and was not an issue before Supreme Court; thus, it is not

properly before us for review *(Matter of Crawford v Kelly,* 124 AD2d 1018), unless there is no "factual showing or legal counterstep that might have been made if the argument had been tendered below" *(People ex rel. Roides v Smith,* 67 NY2d 899, 901). Respondent asserts that had the matter been raised below, respondent could have shown that the conditions of release delivered to petitioner contained the condition that "a releasee will not behave in such a manner as to violate the provisions of any law to which he was subject which provides for a penalty of imprisonment, nor will his behavior threaten the safety or well-being of himself or others." The violation report specifically charges defendant with a violation of the conditions of his release "in that at approximately 5:00 p.m. on 7/11/82 the parolee attempted to burglarize an apartment located at 605 Sixth Street, Brooklyn, N. Y."

Petitioner contends that he cannot be charged with a violation of a condition of his release because the rule containing that condition was not filed with the Secretary of State. Assuming, arguendo, that rules pertaining to conditions of parole are required to be filed, such unfiled rules are "of no effect whatever" *(People ex rel. Roides v Smith,* 67 NY2d 899, 901, *supra).* Even in the absence of the unfiled rules, however, respondent had the authority under the existing statutes and regulations to impose conditions when releasing or paroling inmates.

The State Board of Parole is empowered to determine "which inmates * * * may be released on parole and when and *under what conditions"* (Executive Law § 259-c [1] [emphasis added]), and to determine "conditions of release of the person who may be conditionally released" (Executive Law § 259-c [2]). "[T]he conditions of release shall be fixed in accordance with rules prescribed by the board. Such conditions shall be substantially the same as conditions imposed upon parolees" (Executive Law § 259-g [1]). "If the inmate is released [on parole], he shall be given a copy of the conditions of parole" (Executive Law § 259-i [2] [a]). "No person shall be conditionally released unless he has agreed in writing to the conditions of release" (Executive Law § 259-g [2]). A notice of violation "shall state what conditions of parole or conditional release are alleged to have been violated, and in what manner" (Executive Law § 259-i [3] [c] [iii]).

The Rules of the Division of Parole pertaining to conditions of release, filed on March 23, 1978, were in effect at the time petitioner was charged with the violation. Those rules provided that "[p]arole or conditional release revocation proceed-

ings may be undertaken upon any violation of law or upon any violation of the release conditions or the rules and regulations of the board. The releasee is expected to comply faithfully with all conditions specified in writing at the time of his release and with all other conditions and instructions, whether oral or in writing, given him by the board, a member, an authorized representative of the board or a parole officer" (9 NYCRR 8003.1 [b]). "Parole or conditional release will not be granted to any individual unless he states in writing, in the presence of a witness, that he has read and understood the conditions of release" (9 NYCRR 8003.1 [c]). "A copy of the conditions of release, with the addition of any special conditions, shall be given to each inmate upon his release to supervision" (9 NYCRR 8003.2).

Petitioner has not alleged that the rules recited above were not properly filed; he alleges that an amendment to the rules authorizing the imposition of certain specific conditions of parole was not filed until after the date of the alleged violations. Even if the unfiled amendment is invalid, the statutes and the filed rules empowered the Board of Parole to determine and impose the conditions of petitioner's release (Executive Law § 259-c [1]), provided the Board gave petitioner a copy of the conditions (9 NYCRR 8003.2) and petitioner agreed in writing to those conditions (Executive Law § 259-g [2]) in the presence of a witness stating that he had read and he understood the conditions of the release (9 NYCRR 8003.1 [c]).

If respondent had complied with the directives of these statutes and rules, it could have inserted into the written conditions of petitioner's release the requirement that he "behave in such a manner as to not violate the provisions of any law to which he was subject." Because respondent did not have the opportunity to prove that it did comply with these provisions of the statute and regulations and that it did insert in the conditions of release the particular condition that it accused petitioner of violating, we should not entertain petitioner's argument made for the first time on appeal.

The cases of *Matter of Jones v Smith* (64 NY2d 1003) and *People ex rel. Roides v Smith* (67 NY2d 899, *supra*), relied upon by petitioner, can be distinguished. In those cases, the petitioners were charged with violations of prison disciplinary rules which, because they were not filed, were of "no effect whatsoever." Petitioners could not be punished for violations of rules that did not exist. Here, however, by statute, the Board of Parole was empowered to revoke petitioner's release, not for the violation of any rule, but for the violation of the

written conditions of his release (Executive Law § 259-i [3] [c] [iii]; [f] [x]). The question here is whether, in the absence of the unfiled amendment to the rules, the Board was empowered to impose the conditions it alleged that petitioner violated. In my view, the statutes and filed rules conferred that power.

Denman and Davis, JJ., dissent and vote to reverse and grant the petition, in accordance with the following memorandum.

Denman and Davis, JJ. (dissenting). We respectfully dissent. We cannot agree with the decision of the majority and with the determination in *People ex rel. Gneco v New York State Div. of Parole* (134 AD2d 389) relied upon by the majority.

In this CPLR article 78 proceeding challenging the Board of Parole's determination to revoke his parole, petitioner, relying upon *People ex rel. Roides v Smith* (67 NY2d 899) and *Matter of Jones v Smith* (64 NY2d 1003), argues that the rules that he was charged with violating, known as "conditions of release", were not filed with the Secretary of State at the time of the alleged violations and therefore were ineffective. While petitioner raises this argument for the first time on appeal, we may consider petitioner's argument since respondent "suggests no factual showing or legal counterstep that might have been made if the argument had been tendered below" *(People ex rel. Roides v Smith, supra,* at 901). Respondent does not dispute that the general conditions of release were not filed at the time of the alleged violations but argues that they are not rules required to be filed.

NY Constitution, article IV, § 8 provides in pertinent part: "No rule or regulation made by any state department * * * except such as relates to the organization or internal management of a state department * * * shall be effective until it is filed in the office of the department of state". This constitutional mandate is implemented in Executive Law § 102 which requires, *inter alia,* that a certified copy of the rules and regulations be transmitted to the Secretary of State. A rule is defined by statute to include "the whole or part of each agency statement of general applicability or regulation or code that implements or applies law * * * except such as relates to the organization or internal management of the agency" (Executive Law § 101-a [1] [b]).

Petitioner was charged with violating two unfiled rules regarding his conditions of release. Those conditions were general conditions of release applicable to all parolees. Therefore, the unfiled rules were ineffective and the determination

to revoke his parole must be annulled *(see, People ex rel. Roides v Smith, supra; Matter of Jones v Smith, supra).* Moreover, we reject respondent's argument that there was no need to file the rules since there was a "parent regulation" on file proscribing the conduct of which petitioner was found guilty. Petitioner was not charged under the so-called "parent regulation"; he was charged with having violated the unfiled rules regarding conditions of release *(see, Matter of Davidson v Smith,* 69 NY2d 677, 678).

Further, it is of no legal significance that the label "conditions of release" rather than the word "rules" was used to describe the terms of parole release that the petitioner allegedly violated. "The term, 'rule or regulation', has not, it is true, been the subject of precise definition, but there can be little doubt that, as employed in the constitutional provision, it embraces any kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future. The label or name employed is not important and, unquestionably, many so-called 'orders' come within the term" *(People v Cull,* 10 NY2d 123, 126).

The history of these conditions of release belies the respondent's argument that they are not rules required to be filed. Former section 215 of the Correction Law was enacted in 1929 and remained in effect, with several amendments not relevant here, until January 1, 1978 when provisions relating to parole were transferred to the Executive Law (L 1977, ch 904, §§ 2, 3). That section read, in pertinent part, as follows: "Section 215. Conditions of Parole * * * The board shall adopt general rules with regard to conditions of parole and their violation and * * * make special rules to govern particular cases. Such rules, both general and special, may include, among other things, a requirement that the parolee shall not [followed by a list of requirements similar to several current general conditions of release]."

Until their repeal on January 9, 1979 conditions of parole release were filed with the Secretary of State and promulgated in the New York Codes, Rules and Regulations (NYCRR), most recently in section 1915.10 of title 7. The reason for their repeal is unclear but may relate to the retrenchment of parole functions and responsibilities in the late 1970s. In 1977 the Legislature enacted the Parole Reform Act (L 1977, ch 904) which removed the Division of Parole from the Department of Correctional Services and made it an executive department effective January 1, 1978. Pursuant to section 259 (2) of the Executive Law, the Chairman of the Parole Board on March

23, 1978 filed with the Secretary of State a new set of rules and regulations for the Division (9 NYCRR part 8000 *et seq.)*. Although these sections clearly were drawn from many of their predecessors in title 7, absent from these newly promulgated regulations were the conditions of parole release. It was not until May 13, 1986 that the conditions of release were reintroduced to the NYCRR when they were filed as an emergency measure amending section 8003.2 of title 9. In issuing that emergency rule, the Division stated as follows: "The Court of Appeals has recently ruled that inmates are members of the public, and that governmental conditions concerning an inmate's conduct must be published as regulations. Given that the Division has over 26,000 persons under supervision, it is essential that the conditions of release be codified so as to facilitate the Division's continued supervision of these persons."

In view of the foregoing, we believe there can be no question that conditions of release are rules which must be filed with the Secretary of State; therefore we would reverse the order and grant the petition. (Appeal from judgment of Supreme Court, Wyoming County, Kane, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.