OPINION OF THE COURT
Jan H. Plumadore, J.
Petitioner challenges the results of a March 7, 1988 Tier III disciplinary hearing which found he had violated inmate rule 113.12, use of a controlled substance, due to various alleged data-entry omissions and the incorrectness of the urinalysis forms. Respondents move to dismiss for failure to state a cause of action. Distilled down at this stage of the proceeding, the issue is whether or not the Department of Correctional Services is required to file with the Secretary of State forms whose texts are set forth in the body of a rule.
*1030 Legally and for our purposes here, factually, this case is on all fours with Campbell v Coughlin (Sup Ct, St. Lawrence County, Aug. 18, 1988, Duskas, J.). Despite the recent and uniform Court of Appeals cases (Matter of Davidson v Smith, 69 NY2d 677; Matter of Jones v Smith, 64 NY2d 1003; People ex rel. Roides v Smith, 67 NY2d 899) underpinning Campbell, however, this court must respectfully disagree. Campbell holds that since the instant form, as part of 7 NYCRR 1020.4 (g), was not filed with the Secretary of State before the petitioner’s hearing it was ineffective and as a result the disposition there was annulled. Petitioner here advances several other arguments contingent in large part upon this one.
As noted by the Attorney-General’s office, Davidson, Jones and Roides (supra) all deal with unfiled rules of conduct of general applicability whereas Campbell (supra) and this case deal with a form which the Commissioner, for good or ill, has seen fit to include as part of his rules. It is simply not necessary to file agency forms with the Secretary of State in order to make them effective (Matter of Harding v Melton, 67 AD2d 242, affd 49 NY2d 739, appeal dismissed 449 US 801).
Nor, Campbell (supra) notwithstanding, is this court of the opinion that doing so means that failure to follow the filed form is in and of itself grounds to vitiate an administrative determination. In Harding (supra) the form merely had to provide notice that petitioner’s driver’s license would be suspended in 30 days unless he responded to outstanding traffic summonses. Here, the requisite form (or forms) in conjunction with the misbehavior report need only provide petitioner with notice of the charges against him and the test and its procedures on which they are based, and either form — the one used or the one that should have been — does that.
Petitioner’s attorney argues in his affidavit opposing the motion that respondents here submit documents reflecting the in-test calibration of the testing apparatus that were not part of the administrative record. Since the crux of the issue at hand is that the old form contained such information and the new (then únfiled) one does not, the motion is not currently resolvable. If the calibration information was not before the Hearing Officer and petitioner timely objected, the determination must fall. If it was, the court will grant the motion and dismiss the petition.
The parties have until December 14, 1988 to make further submissions in this regard.