■ In the Matter of ADOLFO PISANI, Appellant, v WALTER J. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: The Hearing Officer determined that it would jeopardize institutional safety or correctional goals if a correction officer, since transferred to another correctional facility, were required to travel to Attica Correctional Facility to testify at petitioner's Tier III disciplinary hearing *(see,* 7 NYCRR 254.5 [b]). The Hearing Officer, thereafter, interviewed the transferred correction officer by telephone. The officer's tape-recorded statement was made available to petitioner *(see,* 7 NYCRR 254.5 [b]). The Hearing Officer's determination had a

rational basis and complied with the applicable regulation *(see, Matter of Coleman v Kelly,* 143 AD2d 539; *People ex rel. Bradley v Smith,* 115 AD2d 225, *lv denied* 67 NY2d 604; 7 NYCRR 254.5).

Petitioner's remaining claims have not been preserved for our review *(see, Matter of Crutchfield v Kelly,* 125 AD2d 955, *lv denied* 69 NY2d 608; *Matter of Purnell v Kelly,* 115 AD2d 1010, *appeal withdrawn* 67 NY2d 938). Were we to address these claims, however, we would find them lacking in merit *(see, Matter of Valles v Smith,* 116 AD2d 1002, *revd on other grounds* 69 NY2d 677; *Matter of Purnell v Kelly, supra,* at 1011). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.