■ In the Matter of JAMES MOLEY, Petitioner, v THOMAS A. COUGHLIN as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commisioner of the New York State Department of Correctional Services, dated June 26, 1989, which affirmed a determination dated April 12, 1989, made after a hearing, finding the petitoner guilty of violating a prison disciplinary rule and imposing a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner tested positive for marihuana use after his urine specimen was subjected to two Syva Emit-st Drug Detection System Tests (hereinafter EMIT tests). He was served with a misbehavior report, and, after a disciplinary hearing, was found guilty as charged. On appeal, the petitioner contends that procedural errors denied him a fair hearing and that testing errors caused false positive results to be obtained. On the record before us we find no support for the petitioner's claims that he was denied assistance at the hearing or that he

was otherwise denied due process due to minor omissions in the misbehavior report *(see,* 7 NYCRR 251-4.1; *Matter of Valles v Smith,* 116 AD2d 1002, *revd on other grounds* 69 NY2d 677; *Matter of Berrios v Khulmann,* 143 AD2d 475). In addition, the petitioner has not demonstrated that any errors occurred during the testing process. "[Two positive EMIT test results] are sufficiently reliable to constitute substantial evidence to support a determination * * * that an inmate has used illegal drugs" *(Matter of Lahey v Kelly,* 71 NY2d 135, 143).

We have considered the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Copertino and Santucci, JJ., concur.